## W. H. AILOR v. FLOSSIE ROUTH TILLERY.

Eastern Section.    May 21, 1927.

Petition for Certiorari denied by Supreme Court, October 20, 1927.

George S. Child and Thurman Ailor, of Knoxville, for appellant.

Fred Houk, Lee Price, McDermott & Meek, O. L. White and B. C. Ogle, of Knoxville, for appellee.

HEISKELL, J. A large part of the pleadings and proof in this cause are immaterial to the issue now presented to this court. The questions to be decided arise between the complainant, W. H. Ailor, and the defendants, Flossie Routh Tillery and her husband W. H. Tillery. There are other parties and other interests involved in the suit but the decision of the lower court was against W. H. Ailor and he is the only appellant. While as to the defendants, the ruling in favor of the Tillerys enures to the benefit of the defendants so far as they have any interest in this appeal.

The complainant, W. H. Ailor, on November 18, 1924, filed his original bill in this cause against Flossie Routh Tillery and her husband, W. H. Tillery, and others, seeking to collect from Flossie Routh Tillery the sum of $2850 alleged to be due on a contract to construct a house on a lot in Knox county. A lien on the land was claimed and an attachment was obtained and levied in aid of the enforcement of said lien.

On December 9, 1924, a pro confesso was taken as to Flossie Routh Tillery and her husband W. H. Tillery. Other defendants answered, a cross-bill was filed, a sale of the property was ordered and on August 21, 1925, a decree was entered confirming the sale that had been made and reported. On November 4, 1925, the pro confesso as to Flossie Routh Tillery and her husband was set aside. All that appears in the record as to this action of the court is the following entry:

"In this case for good reason shown to the court, it is ordered on motion of the defendants, Flossie Routh Tillery and W. H. Tillery, that the judgment pro confesso heretofore taken and entered against them herein on the original bill of complainant W. H. Ailor, be and is hereby vacated and set aside, and said defendants are permitted to file their answer herein, which is accordingly done.

"Enter: Chas. Hays Brown,
Chancellor."

The answer of said defendants was filed the same day as recited in the order, and denies the lien of complainant or if he had any lien that it is superior to a trust deed under which other defendants claim.

On June 29, 1926, the following order was entered:

"In this cause came the defendants Flossie Routh Tillery, W. H. Tillery, M. D. Arnold, Jr., trustee, and Fidelity Trust Co., and moved the court for leave to amend their respective answers heretofore filed to complainant's bill herein by inserting in each of said answers the following paragraphs:

" 'These defendants further aver that during the years 1923 and 1924 the complainant was engaged in Knox county, Tenn., in the business of construction work, being regularly engaged

in the taking of contracts for and in the construction and building of houses, dwellings and other buildings and construction work; and it was in the course of his said business and work of construction that the alleged claim sued on herein arose, said amount, if any be due, being claimed by said complainant as and for part of the contract price due him for the work of the construction of a house on the parcel of real estate involved herein. These defendants would further show unto the Honorable court that the complainant wholly failed to procure and pay for a privilege license authorizing him to engage in said construction work and business during said years 1923, and 1924, as required by Chapter 75, Public Acts 1923. Wherefore these defendants aver that complainant was unlawfully engaged in said construction work and business at and during the time he took the contract for the building of the house on the parcel of real estate involved herein,. and at and during the time he engaged in the work of constructing the same.

" 'Wherefore, these defendants are advised and they accordingly aver that complainant is precluded as a' matter of law from enforcing or attempting to enforce said contract, and these defendants do hereby set up and plead all of the foregoing facts as a complete defense to complainant's suit herein.'

"Which motion the court is pleased to and doth hereby allow and said amendment is hereby accordingly made in all of the answers of said defendants, and said paragraph set out herein is hereby incorporated in said answers as fully as if originally set out herein.

"Enter: Chas. Hays Brown,
Chancellor."

As to the original joint answer of Arnold, trustee and the Fidelity Trust Company, it may be stated that these defendants claim under the trust deed referred to in the answer of the Tillerys and all these defendants have a common interest against the complainant, W. H. Ailor.

On October 12, 1926, the final decree was entered; as much of which as is material on this appeal is as follows:

"This cause came on to be heard this day before the Hon. Robt. M. Jones, Chancellor, on the regular call of the docket, upon the entire record including all the pleadings and proof on file, and the court having carefully considered the same and having heard argument of counsel, doth order, adjudge and decree as follows:

"The complainant W. H. Ailor was engaged during the year 1924, in the business of constructing houses in Knox county without having paid the privilege tax imposed upon him in said business. by Chapter 75, Public Acts 1923,' and hence said com-

plainant is not entitled to recover any sum or to enforce any lien or other right set up in this said bill inasmuch as it appears from all the proof that complainant was unlawfully engaged in the business out of which the transaction sued upon herein, arose. Complainant's bill is accordingly hereby dismissed and the attachment issued thereon is dissolved.''

From this decree complainant Ailor has appealed and assigned errors. Seven assignments of error are filed and they contend it was error ifor the Chancellor. 1. To set aside the pro confesso against Flossie Routh Tillery and her husband without notice to complainant and without cause shown, after the lapse of time from December, 1924, to November, 1925, and after the confirmation of the sale. 2. To receive the unsworn answer of these defendants and to allow it to be amended on June 28, 1926. 3. To hold that complainant was liable to pay a privilege tax under the provisions of Chapter 75, Act of 1923. 4. To hold that the failure of complainant to pay such privilege tax precluded him from maintaining this suit.

As to the first and second contentions, the matter of setting aside pro confessos and allowing amendments is within the discretion of the Chancellor and this court is reluctant to interfere with the exercise of that discretion. If the Chancellor could set aside the pro confesso at all, we cannot see that there is any reversible error in his allowing an unsworn answer to be filed nor in allowing the same to be amended afterwards. It is said the pro confesso was set aside without notice to the complainant and without cause shown. The record does not show whether or not any notice was given nor whether or not the defendant showed cause. The order recites ''in this cause for good reason shown to the Court.'' It does not appear that complainant made any objection to this action of the court. He could have moved the court to reconsider the order setting aside the pro confesso and to strike out the answer and in this way could have made the record show the absence of notice to him and the want of cause, if none existed. So far as the sale of the property and the confirmation thereof is concerned, this was not material. The property had to be sold and would have been sold to satisfy other interests than complainant's. The rights of the parties remained to be settled after the sale. Upon the record as made up we cannot hold that there was any reversible error in the action of the Chancellor under these contentions.

It remains to be considered whether or not complainant was liable to pay a privilege tax for the year in which this work was done and by the failure to do so was precluded from maintaining this suit. It is clear from the proof that the complainant was engaged in the business of building houses but it is not shown that he built anything but residences. It is also undisputed that he paid no privilege tax. The question is, does the Act of 1923, Chapter

75, apply to the complainant and if so, was the Chancellor right to dismiss the bill. The said statute so far as material is as follows:

"Be it further enacted that each vocation, occupation and business hereinafter named in this section, is hereby declared to be a privilege, and the rate of taxation on such privilege shall be as hereinafter fixed, which privilege tax shall be paid to the County Court Clerk, as provided by law for the collection of revenue;

"'Each person, firm or corporation, foreign or domestic operating or doing business in the State directly or by agent, or by any sub-letting contract, engaged in the business of constructing office buildings, bridges, water works, drainage work, street paving, construction work, sewerage system or street work, or any other construction work, each per annum in each county ........$50.'

"That it shall be unlawful for any persons, firm, or corporation to exercise any of the foregoing privileges before complying with the provisions of this Act; and any one exercising any of the foregoing privileges without paying the tax prescribed shall be guilty of misdemeanor and liable to a fine of not less than $10, nor more than $50, per day for each day such privilege is exercised without license; provided nothing herein shall be deemed to prohibit or interfere with Interstate Commerce."

For the appellant it is contended that the language "or any other construction work" cannot be construed to cover the business of building residences, but can be held to include only such construction work as that of office buildings, bridges, waterworks, drainage work, street paving or sewer or street work and work of this class that is of a public nature. Counsel for complainant argue that because prior revenue acts for the years 1915, 1917 and 1919 contained such language as "other structures of a public nature" that "any other construction work" in the Act of 1923 must refer to works of a public nature. We cannot follow this contention. In the first place, the Act of 1923 includes office buildings, which are not public buildings, nor in the nature of public buildings, and besides the evident intention of the Act of 1923 is to get away from the idea of limiting the privilege tax to public construction and to declare the business of construction work to be a taxable privilege whether the nature of that work be public or private. The primary meaning of construction is to "erect, build, form, as to construct an edifice or ship" . . . Century Dictionary. Construction means the act of building or making. Id. The word construction has also received judicial definition. In 12 Corpus Juris pages 1297-1299, it is shown to "refer to the erection of a building." Also to mean "the act of building or making, the act of devising

and forming; the putting together ready for use; fabrication; building; erecting; applied to houses, etc.''

It is also contended for appellant that under the doctrine of ejusdem generis the words ''or any other construction work'' must be construed to mean other work of the same character or class as the kinds enumerated before in the act and therefore cannot be held to include the building of dwelling houses. The rule is quoted in the brief as follows:

''By the rule of construction known as ''ejusdem generis'' where general words follow the enumeration of particular classes of persons or things, the general words will be construed as applicable only to persons or things of the same general nature or class as those enumerated.''

If, however, counsel had quoted further from the text of Cyc., he would have set out this:

''The doctrine of ejusdem generis, however, is only a rule of construction, to be applied as an aid to ascertaining the legislative intent and does not control where it clearly appears from the statute as a whole that no such limitation was intended. Nor does it apply where the specific words of a statute signify subjects greatly different from one another. . . . nor when the general words must bear a different meaning from the specific words or be meaningless.'' 36 Cyc. 1120.

No one can say what other class of construction work is of the same kind as office buildings, bridges, waterworks, sewerage or street work. We can think of nothing which is at the same time like the constructing of an office building and a sewer system. Constructing a hotel, an apartment house, a warehouse or a factory might be likened to building an office building but would not be similar to street paving. Building an office building is more like constructing a palatial residence than it is like constructing water works or a drainage system. Therefore if the general words ''or any other construction work'' do not mean just what they seem to mean, that is—construction work of any and all kinds, they can be given no meaning whatever. The adoption of the contention of counsel for complainant, we think would be to use the rule of ejusdem generis to defeat the legislative intent instead of to assist it.

The meaning of the general words in question seems plain when we consider the evolution of the section from the Act of 1915, Chapter 101, Code 712, which reads: ''The above tax shall be paid by persons, firms or corporations engaged in the business of constructing bridges, waterworks, railroads, street paving, construction work, or other structures of a public nature.'' If this act of 1915 had omitted the words ''of a public nature'' and had used the words ''other construction work,'' it might have furnished a

good illustration for the application of the rule of ejusdem generis, but when the language of the Act of 1915 had been copied without material change into the consecutive Acts of 1917, 1919 and 1921, and then in the Act of 1923 was changed by adding office buildings and striking out "structures of a public nature," it seems plain that the legislature meant to make a decided change and to tax all construction business of whatever character, public or private.

We suppose the 5th assignment was intended to raise the question that if the Act of 1923, Chapter 75 be construed to apply to the business of building dwelling houses, it would be unconstitutional. It certainly cannot be contended that, under the ordinary caption of an Act to provide revenue, a statute may not define what business is a privilege, fix the tax, and declare it to be unlawful to carry on the business without having paid the tax. The brief merely restates the assignment of error without authority or argument. We do not consider this a brief in support of the assignment and do not treat the case as presenting a constitutional question.

The business conducted by complainant being a privilege, and the act making it unlawful to carry on the business without paying the tax imposed, and it appearing that the work was done during the year 1924 and that during that year the complainant paid no privilege tax, it is well settled that he cannot maintain a suit to recover for the work done. Wright v. Jackson Construction Co., 138 Tenn., 145; Wender v. Lobertini, 151 Tenn., 476.

The assignments of error are overruled and the decree of the Chancellor is affirmed. Complainant and the surety on his appeal bond will pay the costs of the appeal.

Owen and Senter, JJ., concur.