## EUGENE A. POPE *vs.* JOSHUA G. BEALS.

In an action to recover a commission on the sale of a house, to the defendant, there was evidence that the plaintiff, who was not a real estate broker, said to the defendant, who was seeking a house, " If I find you a house, you must pay me a commission," and the defendant replied, " I would as soon pay you as any other person ; " that the plaintiff did not see the defendant again ; but that, in consequence of information furnished by the defendant, a third person called on the plaintiff and sold him a house. *Held,* that this evidence would support a verdict for the plaintiff, although the usage of brokers is, that, in the absence of special agreement, the seller and not the purchaser pays the commission, and although the plaintiff had not taken out an internal revenue license from the United States as a real estate agent.

CONTRACT to recover a commission on the sale of a house in Boston to the defendant. At the trial in the superior court, be-before *Brigham,* C. J., it appeared that the plaintiff was in the employ of a real estate agent in Boston, keeping his books and aiding otherwise in his business, and occasionally receiving a commission on his own account, but having no office or sign of his own, and never having taken out a license or paid the special tax required from real estate agents under the internal revenue laws of the United States. The plaintiff introduced evidence tending

to show that, in a conversation between himself and the defendant in May 1868, in which the defendant said he wished to purchase a dwelling-house, and several houses (none of which were ever purchased by the defendant) were spoken of, the plaintiff said, " If I find you a house you must pay me a commission," to which the defendant replied, " I would as soon pay you as any other person ; " that in November 1868 the plaintiff told the defendant that his brother, Frederick Pope, and one Gibson were building a number of houses, and that he would send his brother to the defendant ; that, in consequence of information received from the plaintiff, Frederick Pope called upon the defendant, and in December agreed to sell one of the said houses to the defendant ; that the house was conveyed to the defendant in January ; and that the plaintiff then first demanded a commission. The defendant introduced evidence tending to contradict the above testimony.

It was admitted by the plaintiff that he took no part in the negotiations between Frederick Pope and the defendant, and also that the usage among real estate brokers was to charge a commission to the seller only, and none to the purchaser, unless in case of a special agreement of the purchaser with the broker to pay the same, and that there was no other agreement than as above set forth, between him and the defendant.

The defendant requested the judge to rule that, upon the testimony above stated, there was not sufficient evidence to entitle the plaintiff to recover ; that he could not recover, because he had no license and had paid no special tax, nor unless he was acting as a professional real estate agent ; but the judge refused so to instruct the jury, and instructed them " that it was not necessary, to the plaintiff's right to recover, that he should be a licensed real estate agent or broker, or acting in the capacity of a real estate agent or broker ; that the question for the jury was, whether the defendant employed the plaintiff, and whether the plaintiff did the work ; that, if nothing appeared except that the broker brought the parties together, the commission was to be paid by the seller, by the admitted usage, and, in order to recover, the plaintiff must prove a special agreement of the de-

fendant to employ and pay him; that the evidence relied upon by the plaintiff would warrant a verdict for him; and that the evidence relied upon by the defendant would warrant a verdict for him."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. C. Tobey*, for the defendant.

*A. W. Boardman*, for the plaintiff.

By the Court. The evidence was sufficient to authorize the verdict; the rulings were correct; and the want of a license is no defence. *Exceptions overruled.*