# Black *v.* Snook, Appellant.

204    119
41SC² 147

*Broker—Real estate broker—Commissions—Licenses.*

A person who sells particular real estate under a special contract, and who does not hold himself out to the world as a real estate broker, may recover for his services, although he may have no license authorizing him to sell real estate.

In an action to recover for services in selling real estate it appeared that the plaintiff had no license as a real estate broker. He alleged as the basis of his right to recover a contract whereby the defendant agreed to pay him a certain sum if he would find a purchaser for the defendant's property, and that he did secure a purchaser. The defendant admitted substantially the agreement as claimed by the plaintiff but averred, contrary to the contention of the plaintiff, that the latter had not the exclusive right to dispose of the property, and that the defendant sold it. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 16, 1902. Appeal, No. 150, Oct. T., 1902, by defendant, from judgment of C. P. Venango Co., Aug. T., 1901, No. 61, on verdict for plaintiff in case of Fred B. Black v. E. W. Snook. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit to recover for services in selling real estate. Before Lindsey, P. J., specially presiding.

At the trial it appeared that plaintiff claimed to recover $2,000 for selling real estate in the city of Franklin for the sum of $77,000, under a special contract. Plaintiff had no license as a real estate broker. The defendant claimed that he sold the property himself.

The court submitted the case to the jury.

Verdict and judgment for plaintiff for $2,122.10. Defendant appealed.

*Error assigned* among others was in refusing binding instructions.

*Robert F. Glenn*, for appellant.

*Carl I. Heydrick*, with him *C. Heydrick* and *John L. Nesbit*, for appellee.

PER CURIAM, November 3, 1902:

We have examined the several assignments of error and are of opinion that they are without merit. The plaintiff was not a real estate broker in contemplation of the act of assembly requiring him to have a license authorizing him to sell real estate before he could recover for his services in this case. The plaintiff alleged as the basis of his right to recover, a contract whereby the defendant agreed to pay him a certain sum if he would find a purchaser for the defendant's property, and that he did secure a purchaser. The defendant admitted substantially the agreement as claimed by the plaintiff, but averred, contrary to the contention of the plaintiff, that the latter had not the exclusive right to dispose of the property, and that the defendant sold it. The question at issue, therefore, was one of fact, and having been properly submitted to the jury, the judgment is affirmed.