### IN THE

# SUPREME COURT OF TENNESSEE

### FOR THE

## EASTERN DIVISION.

## KNOXVILLE, SEPTEMBER TERM, 1924.

### S. A. WENDER *v.* D. LOBERTINI *et al.**

*(Knoxville.* September Term, 1924.)

1. **BROKERS.** Nonpayment of license tax complete defense in action for compensation.

   Nonpayment of license tax by real estate dealer is complete defense to action for compensation for securing purchaser. (*Post, pp.* 478, 479.)

   Cases cited and approved: Watterson v. Nashville, 106 Tenn., 410; Stevenson v. Ewing, 87 Tenn., 46; Cary-Lombard Co. v. Thomas, 92 Tenn., 589.

   Case cited and distinguished: Wallace v. McPherson, 138 Tenn., 463.

2. **BROKERS.** Single isolated transaction does not call for payment of real estate agent's license tax.

   Single isolated transaction does not call for payment of license tax imposed on real estate agents, but is evidential only of facts tending to establish presumption, under some circumstances conclusive,

---

*On effect of failure of real estate broker to obtain license, on right to commissions, see note in 1 L. R. A. (N. S.), 1159.

On constitutionality of statute or ordinance requiring real estate broker to obtain license, see note in 8 A. L. R., 424.

Wender v. Lobertini.

that business is being engaged in and the privilege is being exercised. (*Post, pp.* 479, 480.)

Cases cited and approved: Trentham v. Moore, 111 Tenn., 346; Anderson v. Mason, 8 Higgins, 42; Smith v. Sharpe, 162 Ala., 433; O'Neill v. Sinclair, 153 Ill., 525; Pope v. Beals, 108 Mass., 561; Shepler v. Scott, 85 Pa., 329; Black v. Snook, 204 Pa., 119.

3. LICENSES. One who has engaged in single transaction commonly incident to business declared to be privilege must negative inference that he is engaged therein.

Whenever it appears that a party has engaged in a single transaction, commonly incident to the conduct of business declared to be privilege, burden is upon him to negative by satisfactory evidence the inference which arises that he is engaged in the business. (*Post, pp.* 480-483.)

4. BROKERS. One who holds himself out as real estate agent cannot excuse nonpayment of license tax on ground that he has engaged in only one tranaction.

One who has opened an office, or advertised, or in any way held himself out as a real estate agent, cannot excuse nonpayment of license tax by showing that transaction on which he has brought suit was only one in which he has engaged. (*Post, pp.* 480-483.)

Cases cited and approved: Gilley v. Harrell, 118 Tenn., 115; Pile v. Carpenter, 118 Tenn., 288.

5. BROKERS. Evidence as to whether plaintiff was real estate dealer to warrant remand for additional evidence on issue.

In action for compensation for procuring purchaser, in which plaintiff sought to excuse nonpayment of license tax pleaded as a defense by the fact that he was not a real estate dealer, and that the transaction involved was the only one in which he had engaged, evidence on such issue *held* so unsatisfactory as to warrant remand of cause to chancery court for additional evidence. (*Post, pp.* 483-485.)

FROM CAMPBELL.

Appeal from the Chancery Court of Campbell County to the Court of Civil Appeals, and by *certiorari* to the Court of Civil Appeals from the Supreme Court.—Hon. H. E. Portrum, Chancellor.

E. H. Powers and H. B. Brown, for plaintiffs.

C. A. Templeton, for defendants.

Mr. Justice Chambliss delivered the opinion of the Court.

This suit was brought to recover $1,000 as compensation for assisting the defendants in securing a purchaser for a coal-mining company. The chancellor and the court of civil appeals have denied relief on the ground that the license tax for real estate agents had not been paid. Complainant insists that he was not engaged in that business, was not exercising the privilege, and was not, therefore, required to have such a license.

As said by Mr. Justic Neil, in *Wallace v. McPherson,* 138 Tenn., at page 463, 197 S. W., 566, L. R. A., 1918A, 1148:

"Any person *sui juris* may make any contract with another which is not in violation of the federal or State constitutions, federal or State statutes, some ordinance of a city or town, or some rule of the common law."

And so it is uniformily held that no recovery can be had by one who has acted in violation of a penal statute in transacting the business out of which the cause of action arose.

In *Watterson v. Nashville,* 106 Tenn., 410, 61 S. W., 782, reviewing *Stevenson v. Ewing,* 87 Tenn., 46, 9 S. W.,

230, and *Cary-Lombard Co.* v. *Thomas,* 92 Tenn., 589, 22 S. W., 743, the violation of a statutory prohibition is clearly stated to be the basis of the rule denying recovery on contracts entered into without license. Therefore the conceded failure of the complainant in this suit to pay a privilege tax and take out a license as a real estate dealer is a complete defense, provided he was at the time liable for such tax and license. This, then, is the issue.

It is well settled that a single isolated transaction does not call for payment of the tax, but is evidential only of facts tending to establish a presumption, under some circumstances conclusive, that the business is being engaged in and the privilege being exercised. *Trentham* v. *Moore,* 111 Tenn., 346, 76 S. W., 904. The right of recovery in that case was contested on the ground that the plaintiff had purchased the note sued on at a discount without having paid the privilege tax and obtained the license prescribed by the Revenue Act then in force for dealers in securities. It appeared that the plaintiff was a farmer by occupation, and that he did not carry on a business of dealing in securities, and that this transaction was the only one of this character he had ever had. Reviewing the authorities, this court held that, while a privilege is whatever business, pursuit, or vocation affecting the public, the legislature may declare to be a privilege and tax as such, "The legislature cannot tax a single act, *per se,* as a privilege, inasmuch as such act, in the nature of things, cannot, in and of itself, constitute a business, avocation, or pursuit." The court held the pertinent inquiry to be whether or not the party alleged to be liable for the tax is engaged in the business

declared to be a privilege, and held, further, that an express provision of the act requiring the payment of the ·tax, "whether they make a business of it or not," is nugatory.

In the case of *Anderson* v. *Mason,* 8 Higgins, 42, opinion by Mr. Justice HALL, delivered while he was a member of the court of civil appeals, the facts showed that the plaintiff had made four separate loans, and it was nevertheless held that the plaintiff was not liable for the privilege tax, and could recover, since it did not appear that he was a regular dealer in securities, but that the particular transactions in which he had engaged were occasional and incidental only. The court therein relied upon and followed *Trentham* v. *Moore,* supra.

And it is generally held that "a person who is not a regular broker is not within a statute requiring brokers to take out a license, and therefore is entitled to recover his commission." 4 R. C. L., 303; *Smith* v. *Sharpe,* 162 Ala., 433, 50 So., 381, 136 Am. St. Rep., 52, 57; *O'Neill* v. *Sinclair,* 153 Ill., 525, 39 N. E., 124; *Pope* v. *Beals,* 108 Mass., 561; *Shepler* v. *Scott,* 85 Pa., 329; *Black* v. *Snook,* 204 Pa., 119, 53 A., 648.

While in the instant case it is the clause or section of the act which applies to dealers in real estate, rather than in securities, which is relied on, the principle involved is the same. The result of these holdings is, not only that the defense of nonpayment of the tax and want of license is inapplicable except in cases wherein it appears that the suit is by one who is liable for the tax because of being engaged in a business the exercise of which is declared by the legislature to be a privilege, but,

further, that a single act or transaction does not, in and of itself, bring one within the operation of the statute. It is, however, held that proof of a single transaction which ordinarily is performed in the course of a privileged business and by one engaged in dealing in securities or real estate makes out a *prima-facie* case, subject to be rebutted by proof that the transaction was an exceptional one of the kind had by the party, that he did not hold himself out to the public as such a dealer, and that the transaction in question was not sought by him, but casual only. Mr. Justice Neil, in his opinion in the case above cited (111 Tenn., 346, 76 S. W., 904), calls attention to the fact that under certain circumstances a single act may itself be conclusive evidence that one has entered upon the business; no other conclusion being consistent with his conduct. He mentions as illustrations the case of a merchant who has purchased "goods and placed them in his store, opened his doors and made one sale, or where an abstract company, after having prepared its books of reference and procured its office, issued one abstract, or where a photographer, after having prepared himself for business, takes one picture," etc. An initial act in the cases mentioned is conclusive evidence of the intention to engage in the business. It follows that, wherever it appears that a party has engaged in a single transaction commonly incident to the conduct of a business declared to be a privilege, the burden is upon him to negative by satisfactory evidence the inference which arises that he is engaged in the business. And one who had opened an office, or advertised, or in any way held himself out as a real estate agent, would be unable

151 Tenn.—31.

to excuse himself from liability for the tax as a dealer in real estate by a showing, however definite, that the transaction on which he had brought suit was the only transaction of the kind in which he had engaged. On such a state of facts the presumption against him would be conclusive. In the leading case, supra, having found that the plaintiff had never held himself out as a dealer in securities, and that the transaction in question was the only one of that nature in which he had been engaged, and that it had not been sought or solicited by him, the court found that the tax did not apply, that the license was not required of him, and that he was entitled to recover.

In *Gilley* v. *Harrell,* 118 Tenn., 115, 101 S. W., 424, this court recognized and approved the decision in *Trentham* v. *Moore,* supra, but held with the court of chancery appeals that the plaintiff "traded for notes" without having taken out a license, and upon this statement it was held that he was a dealer in notes; his own testimony having not only not overcome the presumption growing out of one transaction, but having affirmatively made it to appear that he was in the business of trading for notes.

And so, in *Pile* v. *Carpenter,* 118 Tenn., 288, 99 S. W., 360, being a case in which profits in the nature of commissions upon the sales of several tracts of land were involved, the court held that the complainant could not recover, having found, from examination of various option agreements appearing in the record; that a number of sales of tracts of land were involved, and not one only, that "these complainants in these transactions were real estate dealers within the contemplation of the stat-

ute;'' and that, ''being without license at the time that the transactions occurred, under a principle frequently arising and applied by this court in cases involving this act of 1901 and similar Revenue Acts, complainants were without right to recover from the defendants the profits or commissions earned by them in carrying out the same.''

Giving application of these principles to the instant case, it being conceded that the complainant had not paid the privilege tax and taken out a license, it is to be determined on the facts whether or not this complainant was so dealing in real estate as to constitute himself a dealer in the contemplation of the act.

The facts are not disputed, but one witness testifying on this point, the complainant himself. On original examination he states his occupation to be that of a merchant selling goods in Jellico. He testifies that he was called upon by the defendants to see if he could find them a purchaser for their coal property; and that at their instance and request he secured a friend or relative residing in West Virginia to make the purchase for a consideration of $11,000, and that for this service the defendants agreed to pay him the sum of $1,000. This is not denied. For this he sues. On his original examination he negatives the presumption that he was engaged in the business of a dealer or broker only by the giving of a wholly different occupation, that of a merchant, and by showing that he did not seek, but was approached by, the defendants. In this connection it may be observed, however, that a positive statement of what is one's occupation, meaning that work or business

to which he habitually devotes himself, carries with it inferentially a denial that he is engaged in another and wholly different occupation.

On cross-examination he is asked, ''Were you ever in the real estate business?'' and answered, ''No, sir.'' He is again asked, ''And at the time that you claim to have made this contract for making this sale you were not a real estate dealer?'' To which he answered, ''I was not.'' And finally he is asked, ''And you had not paid the license required of real estate dealers at that time?'' To which he replied, ''No, sir; I am not in the business.'' There is no further material evidence in the record touching this question. It thus appears that on his cross-examination the complainant unequivocally testified that he was not at the time and had never been in the real estate business. It may be said that this was a legal conclusion on his part and that he has not specifically testified that he had not before engaged in a like transaction or transactions. The chancellor and the court of civil appeals, as before stated, have concluded upon this record, in effect, that this complainant has not sufficiently rebutted the presumption that he was engaged in the business of a dealer. We are of opinion that there is much plausibility in the insistence that the answers given by this complainant were intended by him to be denials of the claim or charge that he had had like transactions which would have had the effect of constituting him a dealer. We think it fair to assume that his answers were not more explicit and specifically negative of the fact that he had before engaged in a like transaction because of the form in which the

Wender v. Lobertini.

questions were submitted to him and the failure of counsel to frame the interrogatories so as to direct attention to this specific fact.

The defense offered in this case is not rested upon the merits; it being admitted that the obligation exists on the part of the defendants to this complainant, that he has performed valuable services for which the defendants agreed to pay him. This defense being in the nature of a penalty, we are of opinion that the circumstances justify a remand of the cause to the chancery court with opportunity to the parties to supplement the evidence now appearing in the record bearing upon the question involved. It results that the decree of the court of civil appeals will be reversed and the cause remanded for further proceedings in accordance with this opinion, but the costs of this appeal will be paid by the appellant.