ANDERSON v. SANDERSON.—158 S. W. (2d), 374.

Middle Section.   October 11, 1941.

Rehearing denied November 1, 1941.

Petition for Certiorari denied by Supreme Court, February 7, 1942.

426

K. Harlan Dodson, Jr., and Walker & Hooker, all of Nashville, for plaintiff in error.

I. R. Schulman, of Nashville, for defendant in error.

FELTS, J.  William Sanderson sued L. C. Anderson as an endorser on certain notes.  In the General Sessions Court judgment went for Sanderson.  On appeal to the Circuit Court, the circuit judge, trying the case without a jury, rendered judgment for Sanderson for $333.41 and costs.

Anderson appealed in error and insists that the Circuit Court should have held that Sanderson was precluded from maintaining suit on the notes because he had purchased them in pursuance of the business of buying notes, which is defined and taxed as a privilege, without paying the privilege tax.

H. B. Cashman had made a series of notes, payable to the order of Anderson.  On November 7, 1939, Sanderson purchased from Anderson these notes, amounting to $460 principal, with accumulated interest, for $350.  Anderson endorsed and delivered them to him.  After paying $200 to Sanderson on these notes, Cashman was discharged in bankruptcy.

Sanderson was the owner and manager of a retail dry goods store. He had never paid a privilege tax or had issued to him a privilege license to engage in the business of buying notes, accounts, judgments or other evidences of indebtedness.

The foregoing facts were stipulated. Sanderson did not testify, but he called as his witness L. O. Hardaway, manager of the Woodland Street Branch of the American National Bank, where he kept a savings account. Hardaway testified that Anderson, also a customer of the bank, left the Cashman notes there for collection, stating that he would like to sell them. Hardaway informed Sanderson of this and recommended that he purchase the notes. Sanderson did purchase them by authorizing Hardaway to conclude the transaction for him. For this he paid Hardaway $25. On two other occasions, once in 1935 and again in 1937, Hardaway had purchased notes for Sanderson, and in one of these instances had been paid $25 for his services. Hardaway knew of no other occasion on which Sanderson had bought notes.

Chapter 108, Acts of 1937, known as the General Revenue Bill, which was in force at the time of the transaction here involved, defined and taxed as a privilege "the business of buying notes, accounts, judgments or other evidences of indebtedness," Public Acts of 1937, p. 445; and made it unlawful and a misdemeanor, punishable by fine, for any person to exercise any of the privileges made taxable by that act before complying with its provisions. Id., p. 485.

██ Under similar statutes, it has long been established that one engaged in a business taxed as a privilege, without paying the tax, cannot maintain a suit on a cause of action arising out of such business. While a single act cannot be taxed as a privilege, it may afford sufficient evidence of the exercise of the privilege. Proof of an act characteristic of the privilege, or commonly incident to the conduct of a business declared to be a privilege, is prima facie evidence that the actor was exercising the privilege, and casts upon him the burden of proving that he was not in fact doing so. Trentham v. Moore, 111 Tenn., 346, 353, 354, 76 S. W., 904; Gilley v. Harrell, 118 Tenn., 115, 130, 101 S. W., 424; Wender v. Lobertini, 151 Tenn., 476, 481, 267 S. W. 367; Clayton v. Read House Co., 24 Tenn. App., 149, 156, 141 S. W. (2d) 916, 920. In Trentham v. Moore, supra [111 Tenn., 346, 76 S. W., 905], it was said:

"Yet the proof of a single act which is characteristic of any of the privileges created by the Legislature is by no means unimportant, because evidence of such act necessarily casts the burden of proof upon the defendant to show that he was not in fact exercising the privilege; that is, engaged in a business or occupation of the kind indicated by the act. The doing of such act makes a prima facie case against him."

In Wender v. Lobertini, supra, after reviewing the authorities, Mr. Justice Chambliss, speaking for the court, stated the rule as follows [151 Tenn., 476, 267 S. W., 368]:

"It follows that, whenever it appears that a party has engaged in a single transaction commonly incident to the conduct of a business

declared to be a privilege, the burden is upon him to negative by satisfactory evidence the inference which arises that he is engaged in the business.''

In Clayton v. Read House Co., supra, where recovery was denied because of complainant's failure to pay his privilege tax, Judge McAmis said [24 Tenn. App., 149, 141 S. W. (2d) 920]:

"As indicated in the quotation from Trentham v. Moore, supra, from which we have quoted above, the purchase of the Read House bonds, being characteristic of the privilege created by the Legislature, the burden of proof rests upon complainant to show that he is not in fact exercising the privilege.''

The plaintiffs in all these cases offered evidence to rebut the prima facie case except in Trentham v. Moore, where the facts stipulated negatived the prima facie case. In Gilley v. Harrell and Clayton v. Read House Co., the evidence offered by the plaintiffs was insufficient to rebut the prima facie case; while in Wender v. Lobertini plaintiff's evidence was inconclusive and the case was remanded to supplement the evidence.

But in the present case the prima facie case stands unopposed by any denial or explanation. Its strength is not diminished by the fact that plaintiff Sanderson was a merchant; for one may well engage in two or more privileged businesses at the same time. Securities Inv. Co. v. Cobb, 172 Tenn., 418, 113 S. W. (2d), 61. Moreover, whether he was engaged in the business of buying notes, was a matter peculiarly within his own knowledge, and his failure to deny that he was, adds to the force of the inference against him. Western Union Tel. Co. v. Lamb, 140 Tenn., 107, 111, 203 S. W., 752; Pickard v. Berryman, 24 Tenn. App., 263, 272, 142 S. W. (2d), 764.

For these reasons, we think the learned trial judge should have found and held that Sanderson was engaged in the business of buying notes, had purchased the notes sued on in such business, and was therefore not entitled to maintain this suit. The judgment of the Circuit Court is reversed and the suit is dismissed. Defendant in error Sanderson will pay all the costs.

Crownover, P. J., and Howell, J., concur.

### On Petition for Rehearing.

FELTS, J. By petition for a rehearing William Sanderson seeks a reversal of our former judgment and an affirmance of the judgment below, or a remand for additional evidence.

The petition makes no new argument, cites no new authority and points out no material fact as overlooked. Such a petition should be denied. Badger v. Boyd, 16 Tenn. App., 629, 645, 65 S. W. (2d), 601; Louisville & N. R. R. Co. v. United States Fidelity & Guaranty Co., 125 Tenn., 658, 691-693, 148 S. W., 671; see 167 Tenn., 702, 703; Melody v. Hamblin, 21 Tenn. App., 687, 705, 115 S. W. (2d), 237.

In aid of the application for a rehearing and a remand petitioner has annexed to his petition an affidavit of the Honorable E. F. Langford, the learned trial judge, who tried the case below. This affidavit, among other things, states that there was no dispute as to the testimony of the plaintiff, William Sanderson, which was stated by his counsel to the court, and which was to the effect that he had engaged in only three transactions involving the purchase of notes.

Manifestly we cannot look to this affidavit to supplement the bill of exceptions. Cosmopolitan Life Ins. Co. v. Woodward, 7 Tenn. App., 394, 402, 408, 409; Sweeney v. Carter, 24 Tenn. App., 6, 11, 12, 137 S. W. (2d), 892. It was our imperative duty to try the case upon the facts shown in the bill of exceptions and the applicable law. A remand will not be made to let in evidence which was not properly preserved in the bill of exceptions. Lyon v. Crabtree, 16 Tenn. App., 42, 46, 64 S. W. (2d), 24.

The petition is denied at the cost of petitioner.

Crownover, P. J., and Howell, J., concur.