## WINN v. WRIGHT.   No. 1.—185 S. W. (2d) 908.

.Eastern Section.   November 14, 1944.

Petition for Certiorari denied by Supreme Court, March 3, 1945.

W. E. Wilkerson, of Chattanooga, for plaintiff in error.

J. Clifford Curry, of Chattanooga, for defendant in error.

McAMIS, J. This is an action for the recovery of real estate commissions, successfully defended below upon the ground that the broker was not licensed as required by Chapter 182, Acts of 1919, Code, Section 1712 et seq. The plaintiff has appealed and, admitting that he was not a licensed real estate broker, insists that he is entitled to recover under the single transaction rule recognized and followed in Trentham v. Moore, 111 Tenn. 346, 76 S. W. 904; Wender v. Lobertini, 151 Tenn. 476, 477, 267 S. W. 367; Walker v. Brownsville Cotton, etc., Co., 4 Tenn. App. 104.

For defendant it is insisted that the Act of 1919 was not designed primarily to raise revenue but to regulate and control the real estate brokerage business, and that a single transaction, if in contravention of the declared public policy, cannot give rise to an enforceable contract.

The insistence that the statute is regulatory in nature seems well supported by the terms of the Act (1) requiring the execution of a bond indemnifying the public against the wrongful acts of such brokers, (2) providing for the giving of information under oath of the composition and location of the business to be conducted, (3) providing for the revocation of the license and the suspension of business until a new license is issued and (4) making it a misdemeanor to engage in such business without complying with the Act. This purpose seems to have been assumed in Johnson v. Baker, 149 Tenn. 613, 259 S. W. 909; Davis v. Hailey, 143 Tenn. 247, 227 S. W. 1021; Robertson v. Freeman, 10 Tenn. App. 207, 211, and Glascock v. Mansfield, 25 Tenn. App. 401, 158 S. W. (2d) 358, and we think it was clearly the intention of the Legislature to effectuate the policy of protecting the public by the regulations imposed.

The question then is: Can the single transaction rule be applied to defeat the solemnly declared public policy of the State to the extent that a forbidden transaction may be initiated and carried out and the claimed right of action enforced provided the same person is not a second time guilty of a similar violation? To hold affirmatively would leave the public, pro tanto, without the protection intended by the Act and we do not think such holding tenable.

The cases of Wender v. Lobertini, 151 Tenn. 476, 267 S. W. 367, and Walker v. Brownsville Cotton Oil & Ice Co., 4 Tenn. App. 104, are relied upon as holding that the single transaction rule applies to real estate brokers notwithstanding the Act of 1919. The opinion in the Wender case, decided in 1924, fails to disclose when the transaction occurred, whether before or after the passage of the Act of 1919. However, an examination of the original transcript shows that the transactions occurred before the passage of the 1919 Act. The opinion is barren of any suggestion that the Act of 1919 was relied upon by the defendant or considered by the Court and the case was dealt with as one involving only the violation of a revenue measure annexing the requirement of a license to engage in a privileged occupation. On page 480 of the opinion in 151 Tenn., on page 368 of 267 S. W., it is indicated that the section of the Revenue Act "which applies to dealers in real estate" was relied upon and the opinion then cites and analyzes cases dealing with the application of the single transaction rule in actions defended on the ground of "nonpayment of the tax and want of license." Among the cases cited and relied upon and, indeed, the principal case, is Trentham v. Moore, 111 Tenn. 346, 76 S. W. 904, involving the violation of a

revenue measure declaring it to be a privilege to engage in the business of note shaving.

The case of Walker v. Brownsville, etc., Co., 4 Tenn. App. 104, relied upon by plaintiff, though placing a different interpretation upon the holding in the Wender case from that indicated above, was decided adversely to the plaintiff upon another ground and the holding as to the effect of non-compliance with the regulatory statute was unnecessary to the decision of the case. We do not feel compelled to follow it for this reason and for the further reason that the later holding of the Supreme Court in Cantrell v. Perkins, 177 Tenn. 47, 146 S. W. (2d) 134, 135, is to the contrary in principle.

That case involved the right to recover for the services of an architect not licensed as required by Code, Sections 7098 and 7099. The single transaction rule was rejected because the statute was found to be "a police measure, not a revenue measure", the Court concluding:

"The single isolation (transaction) rule, applicable to liability for a privilege tax, has no application to a statute enacted in the exercise of the police power of the state for the protection of the public safety and health. One transaction in violation of such a statute, could jeopardize the public safety and health."

■ We think the judgment for defendant should be affirmed. The proof shows that plaintiff had an office in the place of business of a licensed real estate broker of Chattanooga and, without disclosing to defendant that he was not regularly licensed and giving as his business address that of the real estate broker, solicited the listing here involved. The listing contract is upon a printed form generally used by real estate brokers in Chattanooga and in the course of the conversation with defendant plaintiff made inquiry as to other real estate owned by

defendant and the price at which defendant would sell. It is true plaintiff says he was not engaged in the real estate business but, having himself initiated the transaction, we do not think it can be said, under the circumstances, that he was not holding himself out as a real estate agent or that the transaction was casual.

In Wender v. Lobertini, supra, 151 Tenn. at page 482, 267 S. W. at page 368, Trentham v. Moore, 111 Tenn. 346, 76 S. W. 904, supra, is referred to as the leading case in this State involving the single transaction rule and it is pointed out that, in that case, the transaction involved had not been sought or solicited by the plaintiff and in the Wender case, remanded for a new trial, defendant initiated the transactions by requesting the plaintiff to find a purchaser and offering to pay for his services. The circumstances in Walker v. Brownsville, etc., Co., supra, were similar. We do not have a reported case where the right to recover under similar facts has been sustained under the single transaction rule and to so apply it would in our opinion be unsound, and result in evasion of the statute.

The assignments must be overruled and the judgment affirmed.

Hale and Burnett, JJ., concur.