BROWN et al. v. VAN PELT.—263 S. W. (2d) 956.

Western Section.   October 28, 1953.

Petition for Certiorari denied by Supreme Court, December 11, 1953.

W. H. Fisher, of Memphis, for appellant, R. P. Van Pelt.

T. B. Passmore, of Memphis, for appellees, Ed Brown and others.

CARNEY, J.  This is an appeal upon the technical record by defendant below, R. P. Van Pelt, from a decree of the Chancery Court of Shelby County, Tennessee, ordering the defendant, Van Pelt, to pay $136 rental on a house and lot; ordering the defendant to pay complainant $200 which he had received as earnest money on the sale of said house and lot; ordering the cancellation of a Power of Attorney granted by complainants to defendant, Van Pelt, and cancelling a contract of sale of said house and lot by complainants to purchasers, Hicks and wife.

Substantially, complainants' original bill averred that the complainants were the owners of a house and lot in Memphis and that upon representations by defendant, Van Pelt, that he was a licensed and duly qualified real estate agent they gave him a written contract designated "Power of Attorney" authorizing said Van Pelt to negotiate sale of the real estate; that Van Pelt took charge of the real estate and negotiated a contract of sale of said property to defendant Hicks and wife for $6,000 and that Van Pelt had received rentals and was occupying the property himself, and had refused to account to complainants for rentals collected from said tenants to the time of the filing of the bill, and had refused to give possession. The bill further alleged that after the execution of the Power of Attorney they learned that the defendant, Van Pelt, is not a licensed and qualified real estate agent and that his license had been revoked in 1947 for certain alleged conversions of clients' monies.

The prayer in the bill was for cancellation of the Power of Attorney; accounting for rentals; eviction from the property; revocation of the contract of sale between complainants and the defendant, Hicks and wife, insofar as the interest of the defendant, Van Pelt, was concerned; and for general relief.

The defendants, Hicks and wife, were made parties defendant and pro confesso was entered against them. The defendant, Van Pelt, answered denying the fraud; admitting the negotiation of the contract; admitting that he owed rentals of the sum of $80, and admitting that he had $200 earnest money which was paid over by the purchaser, Hicks, and claimed that he was entitled to another $100 to make a total of $300 compensation for his services in negotiating the sale. The contract for the sale of real estate made an exhibit to complainants' original bill recited that Van Pelt was to receive $300 out of the money to be paid the sellers from the sale of the real estate.

The case was tried upon oral testimony and the judgment was entered as above set out.

The defendant, Van Pelt, by his two Assignments of Error contends that upon the face of the technical record the judgment of the Court in allowing a recovery of the $200 for the earnest money collected by Van Pelt and in failing to give Van Pelt full credit for the $300 commission as against the rentals collected by him, is erroneous.

■ There being no Bill of Exceptions this Court cannot weigh any question of evidence, and can only consider the facts in the case as they appear from the original bill and exhibits thereto, the answer of the defendant, and the judgment of the Court.

Section 7182.58 of the Code of Tennessee makes it unlawful for any person, partnership, etc., to act as real estate broker or real estate salesman or directly or indirectly to engage or assume to engage in the business of real estate broker without first obtaining a license issued by the Tennessee Real Estate Commission, in all counties having a population of 50,000 or more, according to the census of 1950. Section 7182.59 of the Code defines what constitutes a real estate broker or real estate salesman.

As an exclusion to the provisions of Section 7182.59, it is provided that the provisions of Section 7182.58, and Section 7182.59 shall not apply to "persons acting as attorney-in-fact under a duly executed power of attorney from the owner authorizing the final consummation or performance of any contract for the sale, lease or exchange of real estate * * *."

The Power of Attorney, a copy of which was made an exhibit to the original bill and incorporated therein by reference, signed by the complainants, provided as follows:

"Power of Attorney.

"August 14, 1952.

"To Whom This May Concern:

"This is to certify that we, Ed Brown and wife, Bessie Brown, do hereby give unto R. P. Van Pelt the Power of Attorney for the purpose of handling all the business pertaining to our property, known as 216 W. California Ave. in the city of Memphis, Shelby County, Tennessee, with full power to repair and to sell the same and to contract with any person or persons for any amount of not less than $5500.00 or more if any repairs or to be made, and the sale price of the said property is to be for cash, if not a special

provision is to be made, between the parties hereto, and that R. P. Van Pelt shall have full power to act in my place and stead and to do the same which we would have done in person.

"In Witness hereof we set forth our hand this day and year above written.

"Ed Brown

"Bessie Brown"

■ We think that said Power of Attorney which was prepared by the defendant, according to the bill, is not such a Power of Attorney as was contemplated by the exclusion of Section 7182.59 of the Code and that the activities of the defendant in taking charge of the real estate, collecting the rentals therefrom, and negotiating a sale of said house and lot under said Power of Attorney, constituted the defendant Van Pelt a real estate broker under the terms of Section 7182.59 requiring him to have a license to do such business in Shelby County, Tennessee, which we judicially know has a population of over 50,000. We think the Power of Attorney contemplated as an exclusion to Section 7182.59 is one authorizing a particular person to perform a certain particular act or acts on behalf of the grantors more or less ministerial in nature with very little, if any, discretion in the Attorney in Fact as to the act or acts to be done. Therefore, it appears that the defendant, Van Pelt, was acting as a real estate broker without license and in violation of the law. A number of Tennessee cases have held that such a broker is not entitled to commission for such services. Anderson v. Sanderson, 25 Tenn. App. 425, 158 S. W. (2d) 374; Winn v. Wright, 28 Tenn. App. 40, 185 S. W. (2d) 908; Frierson v. Ewing, 32 Tenn. App. 366, 222 S. W. (2d) 678.

It is the contention of Van Pelt that as to the $200 already received by him from purchaser Hicks, with the

consent of complainants, he is not liable in law to return the same. We think this contention must also be over-ruled. The complainants' bill alleged in substance that the defendant, Van Pelt, perpetrated a fraud upon them in getting authority to rent and sell their real estate by representing himself to be a licensed real estate broker when he was not. The Chancellor found the proof to be sufficient to sustain this allegation.

■ ■ "Fraud vitiates and avoids all human transactions, from the solemn judgment of a court to a private contract. It is as odious and as fatal in a court of law as in a court of equity. It is a thing indefinable by any fixed and arbitrary definition. In its multiform phases and subtle shapes, it baffles definition. It is said, indeed, that it is part of the equity doctrine of fraud not to define it, lest the craft of man should find ways of committing fraud which might evade such a definition." Smith v. Harrison, 49 Tenn. 230, 242. Also, in Metropolitan Life Ins. Co. v. Hedgepath, 182 Tenn. 296, 185 S. W. (2d) 906, 907, Justice Neil said: "Authorities need not be cited to sustain the proposition that fraud, when fully made to appear, vitiates all contracts into which it enters." In this case at bar the fraud of the defendant completely vitiated the Power of Attorney and also vitiated any rights which the defendant, Van Pelt, received under said Power of Attorney so fraudulently obtained. We cannot see that the fact that the purchaser Hicks paid the earnest money to Van Pelt instead of complainant Brown doing so gives the defendant, Van Pelt, any additional authority to keep the $200 earnest money. He received this earnest money under a contract procured by his fraud, and we think it was within the scope of the pleadings for the Chancellor to order the defendant to pay over the $200 received by defendant, Van Pelt, as earnest

money in part payment, to complainants, owners of the real estate.

█ The defendant is not entitled to retain any benefits obtained by his fraud, and the fact that Hicks and wife suffered a pro confesso to go down against them and did not resist the cancellation of the sales contract does not validate the defendant's retention of said $200 earnest money or part payment.

Therefore, the Assignments of Error of the defendant, Van Pelt, are overruled, and a decree will be entered affirming the decree of the Chancellor. The defendant, Van Pelt, is taxed with the costs of this appeal.

Swepston. P. J., and Avery, J., concur.