**Leonard BERNARD, d/b/a Leonard Bernard & Sons, Appellant,**

v.

**Chester SHARP and wife, Helen T. Sharp, Appellees.**

No. 8.

Court of Appeals of Tennessee, Eastern Section.

Feb. 18, 1972.

Certiorari Denied by Supreme Court May 15, 1972.

Badger & McPherson, Kingston, for appellant.

A. Benjamin Strand, Jr., Dandridge, for appellees.

## OPINION

PARROTT, Judge.

Leonard Bernard, d/b/a Leonard Bernard & Sons, filed this suit in the circuit court against Chester Sharp and wife, Helen T. Sharp, seeking to recover a real estate commission.

After a hearing below on stipulated facts, the circuit judge entered a judgment

of dismissal from which plaintiff has appealed.

Plaintiff is a duly licensed real estate broker whose principal office is located in Roane County, Tennessee. Under a contract entered into with the defendants, plaintiff sold at auction real estate situated within the corporate limits of the city of Jellico in Campbell County. After the sale of the real estate, defendants refused to pay plaintiff's commission as provided by the contract.

In answer to plaintiff's declaration, defendants' special plea alleges: "Plaintiff in conducting said auction sale acted illegally and in violation of the law in that the Plaintiff was not duly licensed to engage in the real estate and auction business in the city of Jellico and therefore the Plaintiff cannot maintain this suit against these defendants."

It is stipulated plaintiff has not complied with city of Jellico Ordinance No. 6–302 providing:

"No person shall exercise any such privilege within the municipality without a currently effective privilege license which shall be issued by the recorder to each applicant therefore upon such applicant's compliance with all regulatory provisions in this code and payment of the appropriate privilege tax."

■ In the court below the circuit judge's memorandum opinion is confined to discussion of that part of plaintiff's theory that the sale was a single isolated transaction not requiring the payment of a license fee. We agree with the circuit judge's conclusion that since the plaintiff was legally engaged in the real estate business, the "single transaction rule" would not be applicable so as to excuse plaintiff from paying a privilege license. See Frierson v. Ewing, 32 Tenn.App. 366, 222 S.W.2d 678; Wender v. Lobertini, 151 Tenn. 476, 267 S.W. 367.

Appellant's second contention raises the question of whether or not under the authority of T.C.A. 67–5116 a real estate agent is required to purchase a privilege license other than in the county where his principal place of business is situated.

T.C.A. 67–5116 in part provides: "But whenever a real estate agent or real estate salesman has paid the tax in the county wherein his principal office or place of business is located, *he shall not be liable for a tax in any other county* unless he shall remove his principal office or place of business to such county." (Emphasis supplied.)

Clearly, one of the basic purposes of Chapter 51, which includes T.C.A. 67–5116 and other sections requiring a real estate agent to obtain a license and post a bond, is to protect the public by allowing only persons found to be qualified to engage in the business of selling real estate. Acuff v. Barnes, 208 Tenn. 624, 348 S.W.2d 296.

■ We think by enacting that portion of T.C.A. 67–5116 as quoted above the legislature intended real estate agents to pay a privilege tax only in the county where their principal place of business is located. The city of Jellico, by city ordinance, cannot supersede or make an enactment contrary to a general act of the legislature.

■ We find that as a matter of law, since the plaintiff was duly and legally licensed in the county of his principal place of business, he was legally qualified to do business in the city of Jellico without paying an additional privilege tax as provided by the city ordinance.

For the above reasons the judgment rendered for the defendant is reversed. Judgment in the amount of $3850.00 is entered in this Court in favor of the plaintiff against the defendants, Chester Sharp and wife, Helen T. Sharp. The costs incident to this appeal are also taxed to the defendants.

COOPER, P. J. (E.S.), and SANDERS, J., concur.