IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs, February 26, 2004

# CBM PACKAGE LIQUOR, INC., ET AL., v. THE CITY OF MARYVILLE, ET AL.

**Appeal from the Chancery Court for Blount County**
**No. 01-236     Telford E. Forgety, Jr., Chancellor**

---

**No. E2003-01220-COA-R3-CV - FILED JUNE 29, 2004**

---

In this case it is argued that the Trial Court erred in approving the decision of the Appellees, the City of Maryville and the City Council for the City of Maryville, to issue certificates of compliance to three applicants as a precondition to each such applicant securing a license to operate a retail liquor store from the Tennessee Alcoholic Beverage Commission. We affirm the judgment of the Trial Court and remand

**Tenn. R. App. P. 3; Judgment of the Chancery Court Affirmed; Cause Remanded**

HERSCHEL PICKENS FRANKS, P.J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR. and D. MICHAEL SWINEY, JJ., joined.

A. Thomas Monceret, Knoxville, Tennessee, for the Appellants, CBM Package Liquor, Inc. and Celeste B. Meunier.

John C. Duffy, Knoxville, Tennessee, for the Appellees, the City of Maryville and the ity council for the City of Maryville.

## OPINION

In August of 2001, the City of Maryville adopted Ordinance 2001-28 (hereinafter "the Ordinance") which regulates the control of retail liquor sales within the City, and limited the number of liquor stores to three. Tenn. Code Ann. § 57-3-208(a) provides that as a condition precedent to the issuance of a State license for the retail sale of alcoholic beverages the applicant for a license under that section must submit a certificate "from the mayor or a majority of the commission, city council, or legislative body" of the local municipality. The Ordinance addresses the issuance of the certificate of compliance required under Tenn. Code Ann. § 57-3-208(a).

By Form A-1 dated August 2001, the City issued instructions to those wishing to apply for the certificate of compliance. These instructions required that completed applications for the certificate be returned to the City Recorder's Office by twelve noon on October 1, 2001. The Appellant, CBM Package Liquor, Inc. (hereinafter "CBM"), was one of nine applicants submitting applications by the deadline of October 1, 2001. However, when the City Council met on October 18, 2001, to review the nine applications, CBM was not one of the three applicants chosen by the Council to receive a certificate.

On December 13, 2001, CBM and its owner and president, Celeste B. Meunier, filed a petition for writ of certiorari in the Blount County Chancery Court suing the City and City Council for having denied CBM a certificate of compliance. The petition cites section 15 of Alcoholic Beverage Commission Rule No. 0100-3-.09 (hereinafter "the ABC Rule") which states as follows:

(15) The Commission shall require each applicant for a new retail liquor license, pursuant to Chapter 3 of Title 57 of the Tennessee Code Annotated, to place a notice in a newspaper of general circulation in the area proposed to be served concerning the applicant's intent to seek a license from the Commission. The notice shall contain such information as is prescribed in Section (16) below and shall appear for at least three (3) consecutive issues immediately preceding the date that the applicant applies to the city or county for a certificate of compliance. The application shall be accompanied by a copy of the public notice and the sworn statement of the applicant that the notice was published in accordance with this section and the rules of the Commission.

Section (16) of the Rule further provides:

(16) Anyone applying for a Tennessee retail liquor license shall place the following notice in a newspaper of general circulation:

RETAIL LIQUOR LICENSE NOTICE

Take notice that
                    (Name an[d] address of applicant)

has applied to
                    (City or County)
for a certificate of compliance and has or will apply to the Tennessee Alcoholic Beverage Commission at Nashville for a retail liquor license for a store to be named

and to be located at

and owned by

(Name and address. List whether individual, partnership, or corporation. List individual owners except if corporation, list officers and manager.)

All persons wishing to be heard on the certificate of compliance may personally or through counsel appear or submit their views in writing at
    (Name of City or Government to issue certificate and address)
on        at                    .
(Date)      (Time)

The Tennessee Alcoholic Beverage Commission will consider the application at a later date to be set by the Tennessee Alcoholic Beverage Commission in Nashville, Tennessee. Interested persons may personally or through counsel submit their views in writing by the hearing date to be scheduled by the TABC.

Anyone with questions concerning this application or the laws relating to it may call or write the Alcoholic Beverage Commission at
        (Address)                                    (Phone)

The title of the notice shall be all capital letters and at least 10 point size. The text of the notice shall be at least eight point type size and the size of the entire notice shall be not less than two columns by two inches of newspaper space.

CBM's petition asserts that, although its application was the only one which included the referenced public notice and sworn statement of publication by the deadline of October 1, 2001, all of the other eight applications were accepted by the City as proper. The petition further asserts that, in accepting and considering applications which failed to meet the ABC Rule's requirement regarding documentation of publication, the City and City Council acted arbitrarily, capriciously and illegally and in excess of jurisdiction. The petition requests "[t]hat the Court rule that the Plaintiff has complied with the law that this Plaintiff was a successful applicant, and entitled to Certificate of Compliance and be issued a liquor license." In the alternative CBM requests that the City be ordered to issue a fourth certificate of compliance to CBM.

CBM's petition was heard on February 6, 2003, and the Court found that CBM's petition should be dismissed and entered its final judgment to that effect on May 6, 2003. Thereafter, CBM and Ms. Meunier filed this appeal.

This is a non-jury case and, therefore, our review is *de novo* upon the record of the Trial Court. Findings of fact by a trial court are entitled to a presumption of correctness and, unless there is evidence preponderating to the contrary, we must affirm such findings pursuant to Tenn. R. App. P. 13(d). *Kincaid v. Kincaid*, 912 S.W.2d 140 (Tenn. Ct. App. 1995). A trial court's conclusions of law are not entitled to a presumption of correctness. *Campbell v. Florida Steel Corp.,* 919 S.W.2d 26 (Tenn. 1996).

Under writ of certiorari review of a city's administrative action such action may be reversed or modified only upon a determination that the action was: 1) in violation of constitutional and statutory provisions; 2) in excess of statutory authority; 3) taken upon unlawful procedure; 4) arbitrary or capricious; or 5) unsupported by material evidence. *Massey v. Shelby County Retirement Board*, 813 S.W.2d 462, 464 (Tenn. Ct. App. 1991). Further, as the Tennessee Supreme Court stated in *McCallen v. City of Memphis*, 786 S.W.2d 633, 641 (Tenn. 1990) "[b]oth legislative and administrative decisions [of a local government body] are presumed to be valid and a heavy burden of proof rests upon the shoulders of the party who challenges the action."

CBM argues that the ABC Rule applies to proceedings conducted by the City related to the issuance of the certificate of compliance required under Tenn. Code Ann. §57-3-208(a). CBM further contends that the documentation of notices of publication required by the ABC Rule must be submitted by the deadline for submission of the application for the certificate of compliance, which in this case was October 1, 2001. Both CBM and the City stipulate that all three applicants that were issued certificates of compliance by the City submitted the documentation of the notices of publication by the date of the City Council meeting to review applications on October 18, 2001. The parties also stipulate that CBM was the only applicant to submit this documentation before the application deadline of October 1, 2001, and it is contended by CBM that, in view of this fact, only its own application should have been considered for issuance of a certificate. CBM argues that the other applications should have been disregarded because deficient under the ABC Rule and that, after the deadline of October 1, supplementation of the applications with documentation required under the ABC Rule should not have been allowed.

The Trial Court found, and the record confirms, that the instructions provided by the City to applicants for the certificate of compliance do not specifically state that documentation of publication, as required by the ABC Rule, must accompany the application for a certificate of compliance. In its memorandum opinion the Trial Court noted the "two tiered procedure" involved in obtaining a liquor license:

> You have a procedure whereby an applicant first must apply to the city here - - it is a city here - - must apply to the city first for a, quote, certificate of compliance, that certificate referred to in 57-3-208, must get that certificate of compliance as a condition precedent to that applicant, then getting a license actually to sell the liquor from the State Alcoholic Beverage Commission.

The Trial Court further noted:

> [The ABC] rule, by its own terms in subparagraph 15, states that the commission shall require such each applicants to submit the things that it shall require, the sworn statement and the proofs of publication.
>
> The Alcoholic Beverage Commission shall require those things. The court must include that if the Alcoholic Beverage Commission considered that the procedure

employed here before the City of Maryville was - - did not comply with its own rules and regulations, that it would have then ruled that those applicants to it, the Alcoholic Beverage Commission, who were successful in getting certificates of compliance from the City of Maryville, the Alcoholic Beverage Commission would simply have held that your application to us, the Alcoholic Beverage Commission, is not sufficient and is therefore denied, because the rule itself says that it is the commission that shall require these things.

The record confirms the above findings of the Trial Court and we agree with the Court's construction of the ABC rule. By its own terms the Rule clearly makes the Commission responsible for seeing that the requirements set forth in the Rule are met.

CBM directs our attention to use of the word "shall" in the ABC Rule and specifically cites that portion of the Rule which states that "[t]he application shall be accompanied by a copy of the public notice and the sworn statement of the applicant that the notice was published in accordance with this section and the rules of the Commission." CBM argues that "[t]he plain language of the ABC regulation controlling the application process requires that the applications be submitted to the city 'accompanied by a copy of the public notice.'" We construe the Rule to be nothing more than a statement of those conditions which must be met to the satisfaction of the Commission before the Commission will issue a new retail liquor license. In support of this construction of the rule we note that previously cited section (16) which sets forth the form for the public notice which is called for under section (15) provides that "anyone *applying for a Tennessee retail liquor license* shall place the [designated] notice in a newspaper of general circulation." (Emphasis added.) This language confirms that the Rule pertains to the pre-requisites for issuance of a license for a retail liquor license.

We further note Tenn. Code Ann. § 57-3-208 which governs the certificate of compliance to be issued by a municipality precedent to issuance of a retail liquor license by the State states in pertinent part as follows:

(a) As a condition precedent to the issuance of a license under § 57-3-204, every applicant for a license under that section shall submit with the application to the commission a certificate signed by the county executive or chair of the county commission in which the licensed premises are to be located if outside the corporate limits of a municipality or, if within a municipality, from the mayor or a majority of the commission, city council, or legislative body of the municipality, by whatsoever name designated, or if the municipality has no mayor, from the highest executive of the municipality.

b) The certificate must state:

(1) That the applicant or applicants who are to be in actual charge of the business have not been convicted of a felony within a ten-year period immediately preceding

-5-

the date of application and, if a corporation, that the executive officers or those in control have not been convicted of a felony within a ten-year period immediately preceding the date of the application; and further, that in the official's opinion the applicant will not violate any of the provisions of this chapter;

(2) That the applicant or applicants have secured a location for the business which complies with all restrictions of any local law, ordinance, or resolution, duly adopted by the local jurisdiction, as to the location of the business;

(3) That the applicant or applicants have complied with any local law, ordinance or resolution duly adopted by the local authorities regulating the number of retail licenses to be issued within the jurisdiction.

We find nothing in this statute which compels the conclusion that a municipality may only issue a certificate of compliance to those applicants who have timely submitted the documentation of publication required under the ABC Rule.

CBM also cites *Bernard v. Sharp*, 481 S.W.2d 782 (Tenn. Ct. App. 1972) in support of its argument that the ABC rule should govern the City's procedure with regard to the issuance of certificates of compliance. In *Bernard* we addressed the issue of whether the plaintiff real estate agent was required to comply with a Jellico city ordinance which demanded that the agent pay a privilege tax before he could conduct business in Jellico, whereas Tenn. Code Ann. § 67-5116 provided that whenever a real estate agent had paid the tax in the county of his principal place of business, as had the plaintiff, he was not liable for the tax in any other county. We found that the city could not, by its ordinance, "supersede or make an enactment contrary to a general act of the legislature." We disagree that our holding in *Bernard* is relevant under the circumstances in the case now before us. We find no conflict between the ABC Rule and the City's procedure such as was present in *Bernard* between the city ordinance and the State statute. Under our construction, the ABC rule dictates that the Alcoholic Beverage Commission require that certain conditions be met before an applicant will be issued a retail liquor license. The City's procedure for issuance of a certificate of compliance was in substantial compliance with the ABC Rule which the Commission obviously determined by issuing licenses based on the Certificates of Compliance.

CBM's argument that the City should have dismissed the other eight applications for certificate of compliance because they failed to timely file the publication documentation required by the ABC Rule is without merit.

In its brief, CBM also contends that the applications of the other eight applicants for a certificate of compliance should have been disregarded by the City because such applications did not contain certain maps which CBM asserts that the Ordinance required. We find no evidence in the record showing that CBM raised this issue at trial and it is therefore, deemed waived. Issues may not be raised for the first time on appeal. *Lee v. Lee*, 66 S.W.3d 837 (Tenn. Ct. App. 2001).

All other issues raised in this appeal are pretermitted by our decision herein.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause is remanded for such further proceedings as may be necessary, and for collection of costs below which are, as are costs of appeal, adjudged against CBM Package Liquor, Inc. and Celeste B. Meunier and their surety.

 

_____
HERSCHEL PICKENS FRANKS, P.J.