JOHN ACUFF

*v.*

W. D. BARNES.

*(Knoxville,* September Term, (May Session), 1960.)

Opinion filed July 26, 1961.

PAUL A. SWAFFORD, Jasper, for petitioner.

PAUL D. KELLY, JR., and RAULSTON, RAULSTON & SWAFFORD, Jasper, for respondent.

MR. JUSTICE FELTS delivered the opinion of the Court.

This was a suit by a real estate broker for a commission claimed to be due by an oral contract employing him to sell defendant's property. He did not effect a sale but alleged he had fully performed on his part by finding an acceptable purchaser. Defendant denied this and pleaded, as a further defense, that the contract sued on was illegal and void because plaintiff had not given the bond required of real estate agents (T.C.A. sec. 67-5102).

The Trial Judge denied these defenses and entered judgment for plaintiff. The Court of Appeals affirmed, defendant's petition for certiorari has been granted, and the case has been heard here. Defendant reasserts his defense that this suit cannot be maintained because the contract was illegal and void, plaintiff not having given the bond required of him.

The contract was made in Marion County, Tennessee in May 1959. Respondent was there engaged in business as a real estate broker from February 1959 until this suit was brought June 30, 1959. On February 16, 1959, he paid the privilege tax for a license as a real estate agent, and filed with the county court clerk a bond; but it was not conditioned as required by the statute.

It was a printed form supplied to the county court clerk by the Commissioner of Finance and Taxation, to be executed by persons liable to the State for privilege tax, and was conditioned "for the payment of all State Privilege Tax * * *."

Respondent testified that the clerk said he did not have the proper form of bond for a real estate agent, but that respondent could execute this printed form, and that as soon as the clerk could procure the proper form respondent and his sureties could re-execute it. But no later bond was made, though he continued doing business as a real estate agent over four months, or until after this suit was brought. The printed form bond, signed by him and his sureties, and as altered, was as follows:

"I or we, the undersigned, W. D. Barnes principal, and Hoyt Griffith & Tom R. Anderson, sureties, hereby firmly bind ourselves unto the State of Tennessee in
$1000.00
the sum of Two Hundred ($200.00) Dollars, in accordance with the provisions of Regulations issued by the Commissioner of Finance and Taxation, for the pay-
Real Estate License
ment of all State Privilege Tax due within the period of one year from date. Bond not to be cancelled until released by the State."

The statute (ch. 182, Acts of 1919, as re-enacted in T.C.A. sec. 67-5102 et seq.) makes it a misdemeanor, punishable by fine (sec 67-5112), for any person to engage in the business of real estate agent without first (1) filing an application for a license with the county court clerk giving the information required (sec. 67-5106); (2) paying the fee (sec. 67-5107) and obtaining the license (sec. 67-5102); and (3) giving the bond [1] required (sec. 67-5102).

■ Thus, the bond shall be in the sum of $1,000, signed by two sureties or an authorized surety company, payable to the state *"for the use and benefit of all persons who may be injured or aggrieved by the wrongful acts or default of such real estate agent or salesman"* (Italics ours).

The intent of this statute is to protect the public and its provisions have been strictly construed and enforced to accomplish this end. *Winn v. Wright,* 28 Tenn. App. 40, 41, 185 S.W.2d 908; *Johnson v. Baker,* 149 Tenn. 613, 618-621, 259 S.W. 909, 911; *Glascock v. Mansfield,* 25 Tenn. App. 401, 158 S.W.2d 358; *Woolridge v. McFadden,* 180 Tenn. 613, 616-617, 177 S.W.2d 556, 558.

In *Johnson v. Baker,* supra, [149 Tenn. 613, 259 S.W. 910] the agent undertook to comply with the provision that he should file with the clerk a certificate of good

[1] The provision as to the bond is: "No person shall engage in the business of a real estate agent or salesman without first * * * giving a bond to the state of Tennessee executed by two (2) good and sufficient sureties to be approved by the clerk of the county court, or by a surety company duly authorized to do business in this state, in the sum of one thousand dollars ($1,000), said bond to be in a form to be approved by the district attorney, and to be for the use and benefit of all persons who may be injured or aggrieved by the wrongful act or default of such real estate agent or salesman, and any person so injured or aggrieved may bring suit on such bond in his name without assignment thereof."

character signed and sworn to "by at least ten free-holders." The certificate he filed was signed by only eight and sworn to by only two. It was held that this was not a "substantial compliance" with the provision, that the clerk had no discretion to waive any part of it, and that the agent could not recover.

In *Glascock v. Mansfield,* supra, real estate agents, partners, intended to make the bond required. They both signed it as principals, without any surety. Later, after they brought suit, they undertook to amend the bond by adding sureties. It was held that this was not a substantial compliance with the statute; that in making the contract sued on, without having made a proper bond, they were guilty of a misdemeanor; that the contract, being void, could not be legalized by subsequent compliance with the statute.

It was further held in that case that the statutes (1932 Code secs. 1836-1839, now T.C.A. secs. 8-1921—8-1926), curing defective bonds of officers and fiduciaries, do not apply to or validate defective bonds of real estate agents; and that the suit could not be maintained on the contract which was illegal because made by the agents without having given the bond required by the statute.

In *Woolridge v. McFadden,* supra, [180 Tenn. 613, 177 S.W.2d 557] a real estate agent sued on a contract for part of the commission. He had not made the bond or obtained a license. After bringing suit he paid double the amount of the tax and made the bond. It was held that since he had not made the bond, he committed a misdemeanor in making the contract and could not recover thereon. The Court said:

"The execution of a bond *in exact conformity with section 1712* of the Code, [now T.C.A. sec. 67-5102], and its filing and acceptance *is a mandatory prerequisite* without which the license is void. *Johnson v. Baker,* 149 Tenn. 613, 618, 619, 259 S.W. 909" (Italics ours).

It was further held that since the contract was "void from its inception," it could not be legalized by the subsequent making of the bond and paying the tax; and the Court quoted approvingly from *Glascock v. Mansfield,* supra. It was further said:

· "It is unnecessary to discuss the effect of the payment of privilege taxes, since we hold, under the authorities cited, that the giving and acceptance of the *statutory bond* was an *indispensable prerequisite to engaging in the business* of a real estate agent or broker, and that any contract entered into before the statutory bond was accepted, was void and incapable of subsequent ratification" (Italics ours).

■■ Upon these authorities it is clear that the county court clerk has no discretion to waive any part of the statute; that the giving of a bond "in exact conformity with" the statute is a "mandatory" and "indispensable" prerequisite to engaging in business; that an agent doing such business, without having made a proper bond, is guilty of a misdemeanor and cannot maintain suit on a contract so made.

■ The bond in the case before us was not in conformity with the statute. Assuming it was for the proper amount—$1,000.00 rather than "the sum of Two Hundred Dollars"—it was not conditioned as required by the statute, not "for the use and benefit of all persons who

may be injured" by the agent's misconduct, but "for the payment of all State Real Estate License."

The Trial Judge, however, was of opinion that since plaintiff, or respondent, had paid his license tax and had undertaken in good faith to make the bond, and had signed it with the intention of complying with the statute, it should be treated as a substantial compliance, especially since the clerk had given him to understand that it would be sufficient until the proper form of bond could be made; and the Court of Appeals concurred in this view.

With deference, we think that the above authorities show this conclusion is erroneous; that the test is not whether the agent acted in good faith and intended to be bound, but whether the bond is in conformity with the statute; that the clerk had no power or discretion to waive compliance of the statute; and that this bond was not a substantial compliance, but was a nullity; and that respondent cannot maintain this suit.

For these reasons, the judgments of the Trial Court and of the Court of Appeals are reversed and the suit is dismissed. The costs are adjudged against respondent, plaintiff below, W. D. Barnes, and the surety on his cost bond.