378 P.2d 608

**John Q. MAESTES, Plaintiff-Appellee,**

v.

**Felicita GURULE and John F. Gurule, Defendants-Appellants.**

**No. 7111.**

Supreme Court of New Mexico.

Feb. 8, 1963.

Montoya & Schwartz, Theodore R. Montoya, Albuquerque, for appellants.

Matteucci, Gutierrez & Franchini, Albuquerque, for appellee.

MOISE, Justice.

Plaintiff suffered a whiplash injury when the car which he was driving was struck in the rear by an automobile owned by the defendant, John F. Gurule, and being driven by defendant Felicita L. Gurule.

After a trial to the court without a jury the issues were found in favor of plaintiff and damages in the amount of $4,000.00 awarded. The court found that as a proximate result of the negligence of the defendant, Felicita L. Gurule, while driving the family car owned by John F. Gurule, plaintiff was injured, has suffered and will continue to suffer pain, loss of wages, medical expenses and will have to have a discogram and future surgery.

Defendants now admit liability but contend that the finding of need of a discogram and future surgery is not supported by substantial evidence, and that the judgment is excessive by $2,500.00.

Concerning the finding of the need of a discogram and future surgery, it should be sufficient answer to defendant's contention, that plaintiff produced a doctor who testified that these procedures were indicated and necessary, while the doctor produced by defendants disagreed and thought they were not needed. Under such circumstances, we will not substitute our views

as to which of the witnesses was to be believed. Conflicts in the evidence on the trial are to be resolved by the trial judge, and when supported by substantial evidence will not be disturbed on appeal. Peugh v. Clegg, 68 N.M. 355, 362 P.2d 510. It was for the trial judge to pass upon the credibility of the witnesses, and to give their testimony the weight to which it was entitled. Davis v. Hartley, 69 N.M. 91, 364 P.2d 349. There can be no question that the evidence supporting the finding meets the tests of substantiality laid down by us in Davis v. Hartley, supra.

Even if we concluded that the finding concerning need of a discogram or future surgery were not supported by substantial evidence, we doubt that the award can be described as so excessive as not to withstand the tests heretofore applied when the amount of a judgment is attacked as excessive. See Hall v. Stiles, 57 N.M. 281, 258 P.2d 386; Vivian v. Atchison, T. & S. F. Ry. Co., 69 N.M. 6, 363 P.2d 620; Sturgeon v. Clark, 69 N.M. 132, 364 P.2d 757.

Be this as it may, defendants base their claim of excessiveness on the fact that in its award the court included the future medical and surgical treatment costing some $2,-000.00, and resulting pain and suffering and loss of wages. Since we have concluded that the court's findings in this regard were supported by substantial evidence, it follows that this point must be overruled.

For the reasons stated, the judgment should be affirmed.

It is so ordered.

COMPTON, C. J., and NOBLE, J., concur.