Thomas A. Miller et ux., Appellants,

*v.*

Insurance Company of North America, Appellee.

366 S. W. 2d 909.

(*Nashville,* December Term, 1962.)

Opinion filed April 3, 1963.

STOCKELL, RUTHERFORD & CROCKETT, Nashville, for appellants.

MACLIN P. DAVIS, JR., Nashville, WALLER, DAVIS & LANSDEN, Nashville, of counsel, for appellee.

MR. JUSTICE WHITE delivered the opinion of the Court.

This case is before us on appeal from the action of the Chancellor in sustaining the demurrer filed to the original bill, as amended, and dismissing the cause.

It was averred in the original bill that one Frank W. Hughes was at the time material thereto engaged in the real estate business in Donelson, Davidson County, Ten-

nessee, where he maintained an office. He was a real estate agent or salesman within the meaning of T.C.A. sec. 67-5101, which states that a real estate agent is "an individual, firm, or corporation engaged in the business of purchase or sale of real estate, or interests therein, or in the leasing, renting, or mortgaging of real estate, or interests therein, for others, or buying, selling, or dealing in notes, as a whole or partial vocation." A real estate salesman is defined to mean "an individual who is employed by a real estate agent to negotiate the purchase or sale of real estate, or interests therein, or in the leasing, renting, or mortgaging of real estate, or interests therein, for others as a whole or partial vocation."

T.C.A. sec. 67-5102 provides:

"No person shall engage in the business of a real estate broker or agent or salesman without first obtaining a license from the clerk of the county court * * * and giving bond to the state of Tennessee * * * in the amount herein prescribed * * * to be for the use and benefit of all persons who may be injured or aggrieved by the wrongful act or default of such real estate broker, agent or salesman, and any person so injured or aggrieved may bring suit on such bond in his name * * *." Etc. (against the surety).

The appellee issued a bond under this statute and suit is now brought against the surety to collect under this bond by reason of certain charges made against Hughes in the bill as follows:

"In October, 1960, said Hughes approached complainant Thomas A. Miller stating that he had pending a business deal involving the purchase of lots which

were available to him out of which he could make a handsome profit on a quick turnover. He finally induced the complainants to turn over to him the sum of $10,-000.00 which he proposed to use in his real estate business in the purchase of lots. Complainants informed the said Hughes that they were unwilling to turn over the money to him except with full security, and the said Hughes stated that he was in sound financial condition and would furnish full security for the money which he obtained from complainants. He thereupon furnished complainants a second mortgage on three separate tracts, the equity in which he represented was more than ample to cover the amount which complainants furnished to him."

The Chancellor sustained two grounds of the demurrer, to-wit:—(1). The bill shows on its face that complainants were not injured or aggrieved by any wrongful act or default of a real estate agent, salesman or broker which would entitle complainants to recover against defendant on the bond of Frank W. Hughes. (2). The bill shows on its face that the alleged wrongful act or default of the said Frank W. Hughes did not occur while he was acting for a person or persons other than himself.

It is from this action of the Chancellor that the complainants appeal and assign a number of errors, but we think the disposition of the assignments relating to the sustaining of the two grounds of the demurrer are determinative of this litigation which is of first impression in this State.

It is the theory of the appellants that the bond issued by the defendant Insurance Company covered every default of the agent Hughes without regard to whether he

was acting for himself or as agent of or for others. It is the theory of the appellee that the bond covered only the default of Hughes while acting as agent of or for others and not while acting for himself.

The appellee contends further that it is not liable because the default alleged was in a transaction in which Hughes was acting for himself and not for others, all of which was known to the appellants at the time.

From our examination of the bill, we are convinced that the appellants did lend $10,000.00 to Hughes but that such money was not advanced to Hughes in his capacity as a real estate agent or salesman. It was a personal loan.

The appellants were unwilling to make the loan to Hughes without security and did not make it until he furnished certain second mortgages as security therefor. There can be no doubt that Hughes was acting entirely for himself and not for any other person. This fact was known to the appellants when the loan was made to Hughes.

It was not thought by the appellants at the time they advanced the money to Hughes that he, Hughes, was acting as their agent, or the agent of any other person. He was merely acting for himself in negotiating a personal loan from the appellants.

The original bill says:

"Complainants aver that their funds were obtained by the said Hughes through his fraud and wrongful design and artifice; that he falsely represented that he was in sound financial condition and solvent; he falsely represented that the funds were to be used and were obtained for the purpose of consumating a purchase of lots for which he had a ready sale, with a quick

turnover * * * and said Hughes further falsely represented that he intended in good faith to repay the sum obtained from complainants whereas at the time he knew his financial condition was such that repayment was impossible.''

The bond issued by the appellee covers the defaults of real estate agents, salesmen and brokers when acting as such. Heretofore, we have set out the definition of a real estate agent or salesman. A statutory definition of a real estate broker may be found in T.C.A. sec. 62-1301 as being

"any person, partnership, association or corporation, who for a compensation or valuable consideration or promise thereof sells or offers to sell, buys or offers to buy, auctions or offers to auction, or negotiates the purchase or sale or exchange of real estate, or who leases or offers to lease, or who sells or offers to sell leases of whatever character, or rents or offers to rent any real estate or the improvements thereon, for others, as a whole or partial vocation.''

 Numerous definitions of the term ''agent'' and of the term ''broker'' may be found. In Black's Law Dictionary, Fourth Edition, the term ''agent'' is defined as ''a person authorized by another to act for him, one intrusted with another's business''. Bouvier's Law Dictionary says the word ''agent'' means:—''One who undertakes to transact some business, or to manage some affair, for another, by the authority and on account of the latter, and to render an account of it.''

 A broker is defined by Black's Law Dictionary, Fourth Edition, as ''a person whose business it is to bring buyer and seller together.'' *Keys v. Johnson,* 68 Pa. 42. Bouvier's Law Dictionary defines brokers as

"those who are engaged for others in the negotiation of contracts relative to property, with the custody of which they have no concern".

T.C.A. sec. 67-5102 provides that the bond is "for the use and benefit of all persons who may be injured or aggrieved by the wrongful act or default of such real estate broker, agent or salesman * * *." This statute was enacted in 1959 and amended former Section 5102 so as to apply to real estate "brokers" as well as "agents". There is no definition of "broker" in the statute. However T.C.A. sec. 67-5101 defines "real estate agent" as "an individual * * * engaged in the business of purchase or sale of real estate, or interest therein, or in the leasing, renting, or mortgaging of real estate, or interests therein, *for others,* or buying, selling, or dealing in notes, as a whole or partial vocation." (Emphases supplied.) The only statutory definition of real estate "broker" is in T.C.A. sec. 62-1301 which defines a "broker" as "any person * * * who for a compensation or valuable consideration or promise thereof sells or offers to sell, buys or offers to buy, auctions or offers to auction, or negotiates the purchase or sale or exchange of real estate, or who leases or offers to lease, or who sells or offers to sell leases of whatever character, or rents or offers to rent any real estate or the improvements thereon, *for others,* as a whole or partial vocation." (Emphases supplied.)

In both of these statutory definitions, it is necessary that the person in question be acting "for others" in order to be an "agent" or "broker". It therefore, appears that in making T.C.A. sec. 67-5102 apply to "brokers" as well as "agents", the Legislature intended that the person in question must be acting "for others".

Therefore, in order for a wrongful act or default of such broker or agent to be covered by the bond, it is necessary that such broker or agent be acting for others in the transaction in which the wrongful act or default occurs.

In the case of *Acuff v. Barnes,* 208 Tenn. 625, 627, 348 S.W.2d 296, 298, the Court said:—''The intent of this statute (67-5102) is to protect the public and its provisions have been strictly construed and enforced to accomplish this end,'' (Citing prior decisions of the Court.)

The above statement is correct in setting forth the purpose and intent of the statutes. However, the bond required of the real estate agent, salesman or broker is one to protect the general public against the defalcations committed while acting as agent of another growing out of a real estate transaction. The bond in question is not one insuring the liability of a real estate agent, salesman or broker in transactions of a purely personal nature, but it only extends to such acts as grow out of a real estate transaction. To apply the bond as urged by the appellants would be the equivalent of insuring the repayment of personal loans negotiated with others even including banks and other financial institutions. We do not think this section justifies such a broad construction and application.

*Kirtland v. Corbett,* 144 Tenn. 100, 230 S.W. 27 is not applicable for the reason that it involved the payment of privilege taxes by one engaged in the real estate business.

Finally, the appellants contend they are entitled to be subrogated to the rights of a third party who at the time the loan was made to Hughes by them was pressing a

claim against Hughes to recover money said to be due him growing out of a real estate transaction. The appellants say the money advanced by them was used to satisfy the claim of this third party and, therefore, they are entitled to be subrogated to the rights of such party against Hughes and his bonding company. The name of such third party does not appear in the record.

■ This contention of the appellants is untenable because the third party has been paid in full and, therefore, has no claim against Hughes. Consequently, there is nothing to which the appellants could be subrogated. The word "subrogate" is defined in Black's Law Dictionary, Fourth Edition, as "the substitution of one person in the place of another with reference to a lawful claim, demand or right".

The bill affirmatively avers that appellants would not have made this loan to Hughes without the security of the second mortgages. In making the loan the appellants relied upon the representation of Hughes that the second mortgages exceeded in value the amount of the loan. This representation proved to be false. The appellants, however, chose to rely solely upon such representation, although they could have, at the time, made an independent investigation to satisfy themselves as to the value of the security. Hughes in representing the mortgages to have the value stated was not acting as an agent, salesman or broker, but solely and purely in a personal capacity in securing funds from these appellants.

Therefore, in our opinion, the Chancellor was eminently correct in sustaining the demurrer and dismissing the bill. His action in so doing is affirmed.