387 P.2d 319

**STAR REALTY COMPANY and Palant International Realty, Inc., Plaintiffs-Appellees,**

v.

**H. A. SELLERS and Laura H. Sellers, Defendants-Appellants.**

**No. 7247.**

Supreme Court of New Mexico.

Aug. 5, 1963.

Rehearing Denied Dec. 2, 1963.

Smith, Smith & Tharp, Clovis, for appellants.

Gino J. Matteucci, Peter V. Domenici, Albuquerque, for appellees.

NOBLE, Justice.

Defendants have appealed from a judgment against them for a real estate commission.

Plaintiffs, Star Realty Company, a New Mexico Corporation, and Palant International Realty, Inc., an Arizona corporation, cooperated in securing a written contract for the sale of defendants' ranch. The transaction was not completed because of failure of a portion of defendants' title. Several points are relied upon for reversal but plaintiffs' failure to prove that they were licensed real estate brokers or salesmen as required by Ch. 226, Laws of 1959, is determinative of this appeal.

Section 67–24–19, N.M.S.A.1953, makes it unlawful for any person, co-partnership, association or corporation to act as a real estate broker or salesman without a license; and § 67–24–33, N.M.S.A.1953, prohibits any unlicensed person from maintaining any action in the courts of this state to recover a real estate commission. That provision reads:

"No action for the collection of commission or compensation earned by any person as a real estate broker or salesman required to be licensed under the provisions of this act [67–24–19 to 67–24–35] shall be maintained in the courts of the state unless such person was a duly licensed broker or salesman at the time the alleged cause of action arose. In any event suit against a member of the public as distinguished from any person licensed under this act shall be maintained only in the name of the broker."

The complaint alleges and the answer denies that the plaintiff corporations were licensed real estate brokers. The court made no finding with respect to such licenses. The requirements of the statute were called to the court's attention by defendants' request for a finding that they were not licensed.

Rule 52(B) (2) (§ 21–1–1 (52) (B) (2), N.M.S.A.1953) requires the finding of such ultimate facts as are necessary to determine the issues. "Ultimate fact," when used with reference to findings, means the essential and determinative facts on which the conclusion was reached. They are the controlling facts, without which the court cannot correctly apply the law in rendering its judgment. Apodaca

v. Lueras, 34 N.M. 121, 278 P. 197. A judgment cannot be sustained on appeal unless the conclusion upon which it is based finds support in the findings of fact. Jontz v. Alderete, 64 N.M. 163, 326 P.2d 95; Isaac v. Seguritan, 66 N.M. 410, 349 P.2d 126; Consolidated Placers, Inc. v. Grant, 48 N.M. 340, 151 P.2d 48. It is clear that a judgment for recovery of a real estate commission without a finding that plaintiff held either a broker's or salesman's license, when the cause of action arose, is erroneous.

The trial court found, in the instant case:

"1. That Star Realty, Plaintiff, is a New Mexico corporation and Charles W. Williams is a licensed real estate broker in the State of New Mexico."

There is testimony that Charles W. Williams was president of Star Realty Company; and § 67–24–26, N.M.S.A.1953, permits corporations to hold a real estate broker's license in the corporate name if at least one officer or employee holds a broker's license. The pertinent portion of the statute provides:

" * * * Such license shall be issued in the name of the corporation, * * * naming the * * * officer or employee as qualifying broker for said corporation, * * *."

Even though there is evidence that the corporation may have been entitled to a broker's license, there is no evidence that one was ever applied for or issued to it. Plaintiffs urge that we infer from the testimony of Mr. Williams that he intended to testify that the corporation was a licensed broker. In our view, the testimony urged upon us does not support an inference that the corporation was licensed. If there was evidence in the record from which the trial court might find existence of the fact necessary to support the judgment, we would remand the case to the trial court to make findings. In this case, however, our review of the evidence convinces us that a finding that the corporation held a broker's license would be without substantial support in the evidence. It is not enough that Mr. Williams held such a license. He is not the plaintiff. An action to recover a real estate commission may only be brought in the name of the licensed broker. Section 67–24–33, N.M.S.A.1953.

The failure of proof that plaintiff Star Realty Company held a real estate broker's license at the time of the accrual of this action requires a reversal. In view of the disposition we have made, it is unnecessary to determine other questions presented and argued.

The case will be reversed and remanded with instructions to vacate the judgment

appealed from and to enter a new judgment dismissing the action with prejudice.

It is so ordered.

CARMODY and MOISE, JJ., concur.

### ON REHEARING

NOBLE, Justice.

We are satisfied with the opinion originally filed in this case, but language appearing in Southwest Motel Brokers, Inc. v. Alamo Hotels, Inc., 72 N.M. 227, 382 P.2d 707, is said to be controlling and to require a different result in the instant case. We take this opportunity to correct an inadvertent erroneous statement in that opinion.

Entirely by inadvertence, it was said in Southwest Motel Brokers that "[t]he burden was upon appellant and McKinley to establish by evidence in the record that appellees were not licensed real estate brokers in New Mexico." The Statute, Secs. 67–24–19 to 67–24–35, N.M.S.A.1953, prohibits an action based upon a claimed real estate action except by one licensed as provided by law.

The statute casts no burden upon a defendant to prove absence of a license but does place upon one claiming a real estate commission the burden of establishing that he was duly licensed when the alleged cause of action arose.

The inadvertent statement relative to the burden of proof in Southwest Motel Brokers was unnecessary to, and the result reached in that case was not in any way based upon where the burden of proof of a license rested. That question was never reached because the decision there turned upon a finding that the action was for recovery of a commission for the sale of corporate stock.

So that there may be no doubt, the statement above quoted from Southwest Motel Brokers, Inc. v. Alamo Hotels, Inc., supra, insofar as it purports to cast the burden upon a defendant to establish lack of a real estate license as a defense to an action for a real estate commission, is expressly overruled. Rehearing is denied.

COMPTON, C. J., and CARMODY, CHAVEZ and MOISE, JJ., concur.