387 P.2d 590

William E. WILLIAMS, Sr., Claimant, Plaintiff-Appellee,

v.

SKOUSEN CONSTRUCTION COMPANY, Employer, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellants.

No. 7325.

Supreme Court of New Mexico.

Dec. 16, 1963.

Modrall, Seymour, Sperling, Roehl & Harris, James A. Borland, Albuquerque, for appellants.

Walter K. Martinez, John V. Coan, Grants, for appellee.

CHAVEZ, Justice.

Appellants, defendants below, appeal from an award under the Workmen's Compensation Act.

Appellee's complaint alleged that he received injuries by accident arising out of and in the course of his employment; that on account of such injuries, appellee is totally and permanently disabled; that appellants have failed, refused and neglected to pay Workmen's Compensation benefits, and have also failed and refused to furnish adequate medical treatment and pay the costs of such treatment.

Appellants' answer denied that appellee suffered injuries in the course of his employment and that appellee was totally and permanently disabled. Admission was made of the refusal to pay benefits, but appellants alleged that they were without knowledge or information as to appellee's address. Appellants also denied that the alleged disability is a natural and direct result of the alleged accident.

Trial was held without a jury and three witnesses testified, to-wit: Claimant-appellee, William E. Williams, Sr. and Dr. Anthony J. Grieco of Grants, New Mexico, and for appellants, Dr. Charles R. Beeson of Albuquerque, New Mexico.

Appellee testified that, during the time in question, he was employed as a laborer by appellant, Skousen Construction Company, who was doing a paving job in Milan, New Mexico; that on October 6, 1961, the day of the occurrence in question, appellee was engaged in measuring off distances on the roadway for dumping paving material; that during the afternoon of the day in question, a Friday, appellee was engaged in cleaning out a storm sewer which was clogged with rocks; that this work involved lifting out the rocks by hand, or by the use of a shovel where the size of the rocks permitted; that sometime in the afternoon, about 3:00 or 3:30, appellee began experiencing pain in his left arm and on his left side; that the pain continued

until midnight of that day; that he rested over the weekend and on Monday morning he returned to work; that on Monday he unloaded some rock and "was shoveling rock;" that on Tuesday and until Wednesday noon he did the same type of work; that during this period appellee was bothered some but continued working; that on Wednesday noon he was "hurting so bad" that he went home and Dr. Grieco was called; that the doctor gave him a shot and sent him to the hospital where he remained for twenty-one days; that he had never experienced any pains in his left arm or any kind of a heart ailment prior to October 6, 1961; that he has some chest pains and pains in the arm that "seems like it's in the bone * * * It's in the bone and in the chest," and that he also has difficulty breathing.

Dr. Grieco, a physician engaged in the general practice of medicine, testified for the purpose of qualification as an expert as follows:

"Q. How long have you been engaged in the practice of medicine?

"A. I finished medical school in 1951, that is the University of Virginia Medical School, put in a year of internship in Panama in the Canal Zone, which was a rotating internship, which means medicine, surgery, pediatrics, delivery of babies and things like that. In other words, it was a general internship. Following the year of internship in Panama, I put in a year of residence in Dallas at the Veterans Hospital in internal medicine and then following that, I put in a year of residence in internal medicine at the Veterans Hospital in Albuquerque, and in 1954, June 30th, I left Albuquerque and started in practice in Grants on July 1st.

"Q. And you have practiced there continuously ever since?

"A. Yes."

Dr. Grieco further testified that he treated appellee on October 11, 1961, advised immediate hospitalization, examined him further at the hospital, obtained his history and had an electrocardiogram taken and subsequent laboratory work performed. Dr. Grieco testified that appellee had an acute myocardial infarction and, in his opinion, "the strenuous labor or exertion which caused an increased load on the heart precipitated this heart attack." On cross-examination, Dr. Grieco stated:

"Q. * * * You are an expert, you are a medical doctor?

"A. I did not state I was an expert. I am not an internist. I wouldn't

use the term. I have studied more cardiology than I have other aspects of internal medicine, yes, but I have never claimed to be an expert."

That this admission did not deprive the evidence of its value as expert testimony is clear. See, Hamilton v. Doty, 65 N.M. 270, 335 P.2d 1067; Los Alamos Medical Center v. Coe, 58 N.M. 686, 275 P.2d 175, 50 A.L.R.2d 1033.

Dr. Beeson, a witness called on behalf of appellants, for the purpose of qualification as an expert, testified:

"Q. Doctor, would you state what your training is as a physician.

"A. Yes, I am a graduate of the University of Arkansas, Medical School in 1944, and nine months of Internship in the Military Service, and two years of training, residency and internal medicine back at the University of Arkansas. * * *.

" * * *

"A. —One year additional training in cardiology in Tulane in New Orleans and then came back to the University of Arkansas on the Staff and Faculty as an instructor, and then practiced internal medicine in Albuquerque since January of 1951 * * * I am a member of the American Board of Internal Medicine since 1953 and American College of Physicians since 1959.

" * * *

"Q. And how long have you been specializing in internal medicine?

"A. Since 1947 * * *."

Dr. Beeson further testified that in his opinion appellee suffered a myocardial infarction "which was due to thrombosis of the anterior descending branch of the left coronary artery," and that appellee's work had nothing to do with his heart attack.

At the conclusion of the testimony, the trial court found for appellee and this appeal followed.

■ Appellant's sole contention is that appellee failed to prove, as a medical probability by expert medical testimony or by substantial evidence, that his disability was caused by an accident arising out of and in the course of his employment. Such contention is apparently based upon the proposition that appellants' medical expert, Dr. Beeson, was better qualified since he is a specialist in internal medicine, whereas appellee's medical expert, Dr. Grieco, is a general practitioner.

We find this case to be controlled by the rule laid down in Yates v. Matthews, 71 N.M. 451, 379 P.2d 441. In that case, the trial court found that appellant's disability did not result from an accident arising out of and in the course of his employment, and specifically, that the work being done by appellant at the time of the attack "did not cause, contribute to, hasten, aggravate or precipitate the myocardial infarction" from which he is suffering, and denied recovery.

In the case before us, causal connection was denied by appellants so appellee presented a qualified medical expert who testified that, in his opinion, there is a causal connection as a medical probability, as opposed to possibility. True, there is a conflict in the proof. One doctor expresses an affirmative opinion and the other doctor expresses a contrary opinion. In such a situation, the trier of the facts must resolve the disagreement and determine what are the true facts. This the trial court did, and we cannot say, under the circumstances of this case, that the trial court's findings are not supported by substantial evidence.

The judgment is affirmed.

Appellee is awarded $500 attorney's fees on this appeal.

It is so ordered.

COMPTON, C. J., and MOISE, J., concur.