396 P.2d 731

Helen BRUNDAGE, Plaintiff-Appellant,

v.

K. L. HOUSE CONSTRUCTION COMPANY, Inc., Employer, and Mountain States Mutual Casualty Company, Insurer, Defendants-Appellees.

No. 7494.

Supreme Court of New Mexico.

Nov. 16, 1964.

Bingham & Klecan, Albuquerque, for appellant.

Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellees.

NOBLE, Justice.

Claimant, the widow of Robert Brundage, deceased workman, has appealed from a judgment denying workmen's compensation benefits upon the ground that the workman's death did not result from an injury arising out of the employment.

Robert Brundage, general foreman for K. L. House Construction Company, engaged in building a jail at Santa Rosa, New Mexico, was fatally stricken with a heart attack outside a cafe about 8:00 p. m., December 29, 1960, and was pronounced dead upon arrival at the hospital. An autopsy disclosed a blood clot in the coronary artery. Brundage had been drinking a cup of coffee at the cafe. The trial court found the coronary occlusion to be the cause of his death; that there was no evidence of a prior heart condition; that decedent was within the scope of his employment at the time of the heart attack; that the construction work was behind schedule; and, that decedent was responsible for completion of the job and its final inspection. Requested findings that decedent performed heavy lifting and manual labor were denied as was one that his duties caused a stress or strain which contributed to the blood clot and his death. Denial of these requests, however, are not points relied upon for reversal. Among others, the court found:

"12. That Robert Brundage did not have an accident arising out of and in the course of his employment at the times material herein.

"13. That Robert Brundage did not sustain an injury arising out of and in the course of his employment.

"14. That the death of Robert Brundage did not result from an accidental injury arising out of and in the course of his employment and was not reasonably incident to his employment.

"15. That the death of Robert Brundage was not the natural and direct result of any accidental injury arising out of and in the course of his employment."

Claimant does not predicate error upon the court's refusal to adopt her requested findings of fact, but asserts that under her theory mental strain by reason of the workman's position and responsibility contributed to the coronary occlusion and his resulting death, and that an issue of material fact

was thereby raised upon which the court was required to find one way or another even though her requested findings on that issue were denied. She also argues that findings 12, 13, 14 and 15 merely restate language of the statute; are conclusions of law; and, that the judgment is accordingly not supported by necessary findings of fact. We cannot agree.

■ It is true that a trial court must, when requested in non-jury actions, find one way or another upon a material issue. State ex rel. Reynolds v. Board of County Com'rs, County of Guadalupe, 71 N.M. 194, 376 P.2d 976; Laumbach v. Laumbach, 58 N.M. 248, 270 P.2d 385. However, under Rule of Civil Procedure 52(B) (a) (2) (§ 21–1–1(52) (B) (a) (2), N.M.S.A. 1953):

"The findings of fact shall consist only of such ultimate facts as are necessary to determine the issues in the case, as distinguished from evidentiary facts supporting them. * * *"

■ Our task is, therefore, twofold: (1) Was the fact which appellant requested the trial court to find an ultimate or evidentiary fact; and (2) are findings 12, 13, 14 and 15 conclusions of law or findings of ultimate fact? It is obvious that our decision turns upon a proper interpretation and application of the term "ultimate fact." We have consistently held it to mean the essential and determining facts upon which the court's conclusion rests and without which finding the judgment would lack support in an essential particular. Paulos v. Janetakos, 46 N.M. 390, 129 P.2d 636, 142 A.L.R. 1237; Star Realty v. Sellers, 73 N.M. 207, 387 P.2d 319; Apodaca v. Lueras, 34 N.M. 121, 278 P. 197.

■ The workmen's compensation statute prescribes as a condition to a compensable injury that it arise out of and in the course of the employment and that both conditions coexist. Walker v. Woldridge, 58 N.M. 183, 268 P.2d 579. An accident arising "while at work" is one "in the course of" the employment. Whitehurst v. Rainbo Baking Company, 70 N.M. 468, 374 P.2d 849; Wilson v. Rowan Drilling Co., 55 N.M. 81, 227 P.2d 365. But it must "arise out of" as well as "in the course of" the employment. Berry v. J. C. Penney Co., 74 N.M. 484, 394 P.2d 996; Barton v. Skelly Oil Co., 47 N.M. 127, 138 P.2d 263; Luvaul v. A. Ray Barker Motor Company, 72 N.M. 447, 384 P.2d 885. We think that the ultimate facts to be determined by the trial court as a basis for the conclusion as to whether the claim is a compensable one are whether an injury sustained by a workman arose out of and in the course of his employment. See Thompson v. Getman, 74 N.M. 1, 389 P.2d 854; Grisham v. Nelms, 71 N.M. 37, 376 P.2d 1; Utter v. Marsh Sales Company, 71 N.M. 335, 378 P.2d 374. It is, therefore, apparent to us that the requested findings related to an evidentiary and not an ultimate fact, and the failure to make a finding one

way or another respecting such evidentiary fact was not error. In any event, failure to make a specific finding of fact is regarded as a finding against the party having the burden of establishing that fact. Griego v. Hogan, 71 N.M. 280, 377 P.2d 953; and Hoskins v. Albuquerque Bus Co., 72 N.M. 217, 382 P.2d 700.

Finally, claimant argues that since a heart attack suffered "in the course of" employment may constitute an accidental injury, Salazar v. County of Bernalillo, 69 N.M. 464, 368 P.2d 141; Little v. J. Korber & Co., 71 N.M. 294, 378 P.2d 119; Hathaway v. New Mexico State Police, 57 N.M. 747, 263 P.2d 690, the court's conclusion:

"That the deceased did not sustain an accidental injury resulting in his death under the Workmen's Compensation Act of New Mexico [,]"

is error requiring reversal of the judgment. Other findings and conclusions, however, make it apparent to us that the conclusion was that the workman did not suffer a compensable injury under the Workmen's Compensation Act; but even if a proper interpretation of the conclusion is that the workman did not suffer an accidental injury, nevertheless, the error does not require reversal. See Yates v. Matthews, 71 N.M.

451, 379 P.2d 441; and Williams v. Skousen Construction Co., 73 N.M. 271, 387 P.2d 590.

It is well established that the primary function of an appellate court is to correct an erroneous result, not to correct errors which could not change the result. Southern California Petroleum Corp. v. Royal Indem. Co., 70 N.M. 24, 369 P.2d 407; Armijo v. Shambaugh, 64 N.M. 459, 330 P.2d 546. To "arise out of" the employment, there must have been a causal connection between the employment and the injury so that the injury is reasonably incident to the employment. See Berry v. J. C. Penney Co., supra. Findings that the death of decedent was not a natural and direct result of his employment and that claimant failed to establish a causal connection between the death and the employment are sufficient to support the judgment denying the claim of a compensable injury.

Other points briefed or argued have either been disposed of by what has been said, are determined to be unnecessary to the decision, or are found to be without merit and, therefore, need not be discussed.

The judgment appealed from should be affirmed.

It is so ordered.

CARMODY and MOISE, JJ., concur.