429 P.2d 901

Ruth E. SAWYER, Plaintiff-Appellee,

v.

WASHINGTON NATIONAL INSURANCE
COMPANY, Defendant-Appellant.

No. 8321.

Supreme Court of New Mexico.

July 10, 1967.

Rodey, Dickason, Sloan, Akin & Robb
Robert M. St. John, Albuquerque, for appellant.

Sheehan & Duhigg, Albuquerque, for appellee.

OPINION

MOISE, Justice.

Defendant has appealed from a judgment in favor of plaintiff wherein disability payments of $240.00 per month for the period of June 1, 1965 to April 25, 1966, were granted.

Plaintiff's rights and defendant's liability turn on a policy of insurance to which was attached a "Disability Income Rider" providing a monthly indemnity of $240.00 in the

event of total disability resulting from accident. "Total disability" is defined as follows:

"The term total disability as used in this rider shall mean complete inability of the Insured due to injury or sickness to perform each and every duty pertaining to his occupation; provided, however, if the maximum benefit period exceeds 24 months, then for the period immediately following a continuous compensable disability of 24 months, the term total disability shall mean complete inability of the insured due to injury or sickness to engage in any gainful occupation for which he is reasonably qualified by education, training or experience."

At the trial of this cause, the court found that plaintiff sustained injuries in an automobile accident on March 28, 1965, resulting in her being totally disabled under the terms of the policy until April 25, 1966. Defendant does not question that plaintiff was injured by accident on March 28, 1965, or that she was totally disabled from then until June 1, 1965. It has made the payments provided in the policy up to that date.

However, it questions the finding of the court that plaintiff was totally disabled, as that term is defined in the policy, after June 1, 1965, and asserts an absence of substantial evidence to support the finding. In a second point it argues that the court erred as a matter of law in its application of the policy provisions.

A brief review of the facts is required. Plaintiff was 43 years of age and a receptionist and secretary for a Dr. Gregory. She performed all the duties incident to such work, including typing, filing, answering the phone, meeting patients when they came in the office. In addition, she assisted patients on or off the examining table, and generally helped the doctor in the office. In the accident plaintiff suffered several fractured ribs, fractures of transverse processes of a number of vertebrae, multiple contusions and cervical neck strain. She developed, and at the time of trial testified

that she still suffered from back ache, leg aches, sciatica and neuritis pains, all of which her doctor attributed to the accident.

Plaintiff testified that she could not, even at the time of trial in May, 1966, sit for longer than an hour without pain; that removing files from a drawer would cause pain; that standing for a length of time also caused pain requiring her to sit or lie down or take medication for relief; that she could not lift a child or assist a patient as required in the duties she performed in her employment with Dr. Gregory.

It is defendant's position, supported by the testimony of an orthopedist, that the injuries suffered by plaintiff should have healed completely in four months, or at the most in six months, and that examination did not disclose a condition which would prevent plaintiff from performing the duties of a secretary and receptionist. It points out that since plaintiff's injury, her employer has retired and she has not sought other employment; that she can help with housework, and does some knitting and sewing; and, that she could sit and type for periods as long as an hour at a time. Based on these facts, defendant asserts that the proof submitted fails to establish by substantial evidence "complete inability of the Insured * * * to perform each and every duty pertaining to his occupation * * *," being the requirement to establish total disability under the rider.

We have no difficulty in concluding that the evidence is substantial to establish an inability to perform the duties of her occupation. Plaintiff so testified and her attending physician agreed that this was so. The fact that he was a general practitioner with less experience at reading X-rays than defendant's witness who was a specialist does not require that his testimony be disregarded. Williams v. Skousen Construction Co., 73 N.M. 271, 387 P.2d 590 (1963). It was for the trial court to weigh the evidence and pass on the credibility of the witnesses. Since it has done so, and the evidence is substantial, it is not to be dis-

turbed by us on appeal. Maestas v. Gurule, 71 N.M. 368, 378 P.2d 608 (1963).

Concerning Point II, defendant disavows any intention to contend that plaintiff was required to show a state of actual or virtual helplessness in order to establish total disability under the policy. It recognizes that in Bubany v. New York Life Ins. Co., 39 N.M. 560, 51 P.2d 864 (1935), we held that a right to recover existed for total disability where the insured was unable to do substantially all of the acts material and necessary to the conduct of his occupation "in his customary and usual manner." This is in accord with the general rule applied by the courts. See 15 Couch on Insurance (2d) § 53:67 (1966). Defendant argues, however, that no right of recovery exists merely upon a showing of some residual effects of the injury. As stated by defendant, the issue is one of whether plaintiff was unable to do "substantially all of the material acts necessary to her occupation in substantially the usual and customary manner." That one who can sit no longer than an hour without having to get up and move around or lie down, and who cannot handle heavy files or help patients in need of assistance could not perform the duties necessarily incident to the position of receptionist and doctor's assistant as described by her is well within the proof submitted, and the court having determined an inability to perform the duties of the plaintiff's vocation, we will not disturb it. That the plaintiff's employer had closed his office and that she had not sought other employment does not require a contrary finding. Neither does the fact that there was no direct proof that the disability continued to April 25, 1966. The evidence would have supported a finding that it continued to a later date. Accordingly, defendant was not prejudiced and cannot be heard to complain. Brundage v. K. L. House Construction Co., 74 N.M. 613, 396 P.2d 731 (1964); Wieneke v. Chalmers, 73 N.M. 8, 385 P.2d 65 (1963); Southern California

Petroleum Corp. v. Royal Indem. Co., 70 N.M. 24, 369 P.2d 407 (1962)

There are many cases passing on whether or not total disability has been established in innumerable situations under various types of provisions. The principal difference between the cases arises because of variations in the facts. The closest case to our own which has come to our attention, wherein a secretary was involved, and where under proof first submitted it was held no total disability had been shown, but upon retrial and presentation of additional evidence it was held that there was substantial support for a finding of total disability, is Aetna Life Insurance Co. v. McCullagh, 195 Ky. 136, 241 S.W. 836 (1922). The earlier case appears in 191 Ky. 226, 229 S.W. 1033. See also, Metropolitan Life Ins. Co. v. Bovello, 56 App.D.C. 275, 12 F.2d 810, 51 A.L.R. 1040 (1926); Desoto Life Ins. Co. v. Jeffett, 210 Ark. 371, 196 S.W.2d 243 (1946); North American Acc. Ins. Co. v. Branscum, 209 Ark. 579, 191 S.W.2d 597 (1946); Franklin Life Ins. Co. v. Stiles, 90 Ga.App. 311, 82 S.E.2d 898 (1954); John Hancock Mut. Life Ins. Co. v. Cave, 240 Ky. 56, 40 S.W.2d 1004, 79 A.L.R. 848 (1931); Ayres v. New York Life Ins. Co., 219 La. 945, 54 So.2d 409 (1951); Turner v. Fidelity & Casualty Co., 112 Mich. 425, 70 N.W. 898, 38 L.R.A. 529 (1897); Mutual Ben. Health & Accident Ass'n v. Mathis, 169 Miss. 187, 142 So. 494 (1932); Heald v. Aetna Life Ins. Co. of Hartford, Conn., 340 Mo. 1143, 104 S.W.2d 379 (1937); Chard v. New York Life Ins. Co., 145 Neb. 429, 16 N.W.2d 858 (1944); Annot., 98 A.L.R. 788 (1935). The defendant has failed to demonstrate that the trial court misconstrued or misapplied the law.

No reversible error having been shown, the cause is affirmed.

It is so ordered.

NOBLE, J., and DEE C. BLYTHE, District Judge, concur.