449 P.2d 329

**Fred L. CRELEY, Plaintiff-Appellant,**

v.

**WESTERN CONSTRUCTORS, INC. and Travelers Insurance Company, Defendants-Appellees.**

**No. 8656.**

Supreme Court of New Mexico.

Jan. 13, 1969.

Smith, Ransom, Deaton & Reagan, Albuquerque, for appellant.

Wilkinson, Durrett & Conway, Alamogordo, for appellees.

## OPINION

NOBLE, Chief Justice.

Fred L. Creley filed a claim for workmen's compensation benefits against Sacramento Gravel Products, Inc., Western Constructors, Inc. and their insurance carrier on account of an alleged accidental injury occurring October 16, 1964. Upon stipulation that Sacramento Gravel Products, Inc. had paid claimant an agreed amount on account of all claims against it, the action was dismissed as to Sacramento Gravel Products, Inc. and proceeded to trial against Western Constructors. The defendant denied that it was claimant's employer at the time of the alleged accident. The court found that claimant was employed by Sacramento Gravel Products, Inc. at all times material hereto; that he failed to give written notice of a compensable injury within the time required by law; that there was no waiver of such notice; and that Sacramento Gravel Products, Inc. and its insurance carrier settled all matters arising out of the alleged injuries sustained by Creley. Not only did the court find that at the time of the accident Creley was employed by Sacramento Gravel Products, Inc., but also that he was its agent in charge of the business in the course of which the accident occurred.

This case turns on whether Creley was employed by Western Constructors, Inc. at the time of the alleged accident on October 16, 1964. If, as found by the court, he was employed by Sacramento Gravel Products, Inc. and not by Western Constructors, Inc., there can be no recovery and the judgment of dismissal must be affirmed. See § 59-10-13.3, N.M.S.A.1953. A workman is defined by § 59-10-12.9, N.M.S.A.1953 (Supp. 1967) as one who has entered into the employment of another, except casual employees.

Eight points are relied upon for reversal but we think they may all be discussed under the attacks (1) that the findings are actually conclusions of law rather than findings of fact, and (2) that if they are findings of fact, they have no substantial support in the evidence.

■ Our review of the record convinces us that the findings made by the trial court are actually findings of the ultimate facts necessary to determine the issues in the case. Latta v. Harvey, 67 N.M. 72, 352 P.2d 649, relied upon by the claimant does not require a different result. Latta turned on whether the claimant was an "employee" or an "independent contractor" which we said was a conclusion of law resulting from the facts. The instant case is clearly distinguishable. The determination of this case depends upon whether the claimant, who admittedly was the servant of either Sacramento or Western Constructors, was employed by or worked for Sacramento Gravel Products, Inc. or Western Constructors, Inc. The question of whether the claimant worked for one or the other of these corporations is one of fact, as distinguished from the question of whether the relationship of master and servant or that of an independent contractor existed, which is a conclusion of law.

We now turn to the question of the sufficiency of the evidence to support the findings.

In Brown v. Cobb, 53 N.M. 169, 204 P.2d 264, we said that substantial evidence may be defined as "evidence of substance which establishes facts and from which reasonable inferences may be drawn," and that "evidence is substantial if reasonable men all agree or if they may fairly differ, as to whether it established such fact." See also Marchbanks v. McCullough, 47 N.M. 13, 132 P.2d 426. In Wilson v. Employment Security Comm., 74 N.M. 3, 389 P.2d 855, it was said that whether evidence is substantial depends upon whether it establishes the existence of the facts on which the finding is necessarily based, with reasonable certainty in the minds of persons of ordinary and average intelligence.

■■ The claimant filed a sworn statement of wage claim with the New Mexico State Labor and Industrial Commission, by which he claimed wages due and unpaid from Sacramento Gravel Products, Inc. for the period September 18, 1964 to January 5, 1965. He then asserted that he was that company's foreman in the operation from which the accidental injury arose. In addition, Creley testified that the president of Western Constructors hired him "to run this company that they bought here." Upon inquiry as to what company that was, Creley replied "that was Sacramento Gravel Products." It is true that the witness also testified that he thought he was employed by Western Constructors and that he attempted to explain away his judgment against Sacramento Gravel Products arising out of this accident. It is for the trier of the facts to determine the weight to be given to the evidence and the credibility of witnesses. Sawyer v. Washington Nat'l Ins. Co., 78 N.M. 201, 429 P.2d 901, and to resolve conflicts in the testimony of a single witness. Hughes v. Walker, 78 N.M. 63, 428 P.2d 37. Applying these rules, we conclude that the findings of fact by the trial court have substantial support in the evidence, and are thus binding on us.

Our conclusion that the finding that the claimant was not employed by these defendants at the time of the alleged accidental injury makes it unnecessary to consider other questions briefed or argued.

It follows that the judgment appealed from must be affirmed.

It is so ordered.

COMPTON and CARMODY, JJ., concur.