649 P.2d 472

**Charles W. WATTS, Plaintiff-Appellee and Cross-Appellant,**

**v.**

**Henry ANDREWS, Jr. and Sherry K. Andrews, his wife, and United Western Minerals, Inc., Defendants-Appellants and Cross-Appellees.**

**No. 13765.**

Supreme Court of New Mexico.

June 30, 1982.

Rehearing Denied Aug. 6, 1982.

Singleton & Roberts-Hohl, Sarah M. Singleton, Lyle Teutsch, Jr., Santa Fe, for United Western.

John Schuelke, Gallup, Deborah S. Seligman, Albuquerque, for Andrews.

Adams & Foley, Quincy D. Adams, Albuquerque, for Charles W. Watts.

Joseph G. Lawler, Houston L. Morrow, Santa Fe, for Amicus Curiae N. M. Realtors Ass'n.

## OPINION

SOSA, Senior Justice.

The dispositive issue on appeal is whether a person who brings two parties together in a real estate transaction must be licensed to maintain an action for a fee or commission under the licensing laws governing Real Estate Brokers and Salesmen. §§ 61–29–1 through 61–29–29, N.M.S.A.1978 (Repl. Pamp.1979 and Cum.Supp.1981) (Real Es-

tate Brokers Act). We hold that he must be licensed.

Appellee (Watts) and appellant (Andrews) entered into an oral agreement, whereby Andrews would pay Watts ten percent of the sale price if Watts would find a buyer for Andrews' uranium. Watts found Willis, who executed a contract for sale of the uranium with Andrews. However, the contract was later rescinded when Willis was unable to make the first payment.

The court found that Watts and Andrews then entered into another oral agreement, whereby Andrews agreed to pay Watts an unspecified commission if Watts would locate a purchaser for Andrews' entire ranch, including the uranium. As part of this agreement, Watts gave up his right to compensation under the previous agreement for finding Willis as a buyer for the uranium. Watts then set in motion a chain of events which resulted in the sale of Andrews' ranch and uranium to X-1 Ranch, Inc.[1]

Neither the first buyer, Willis, who assisted Watts in finding X-1 Ranch as a buyer,[2] nor Watts, were licensed real estate brokers or salesmen during the time material to this suit. However, the trial court found that Watts took no part in the negotiations between Andrews and X-1 Ranch, but simply brought the parties together. On this basis, the court concluded that Watts was not required to be licensed as a broker and was not barred from recovering damages under the statute of frauds. The court then awarded Watts damages in the amount of $85,000.00. We reverse the trial court.

Section 61-29-16, N.M.S.A.1978 (Repl. Pamp.1979), provides in pertinent part:

No action for the collection of [a] commission or compensation earned by any person as a real estate broker or salesman required to be licensed under the provi-

sions of this act shall be maintained in the courts of the state unless such person was a duly licensed broker or salesman at the time the alleged cause of action arose.

There can be no doubt that what Section 61-29-16 means is that "a judgment for recovery of a real estate commission without a finding that plaintiff held either a broker's or salesman's license, when the cause of action arose, is erroneous." *Star Realty Company v. Sellers*, 73 N.M. 207, 209, 387 P.2d 319, 320 (1963). Nor can an unlicensed real estate broker or salesperson recover a commission in an action in quantum meruit. *Bank of New Mexico v. Freedom Homes, Inc.*, 94 N.M. 532, 612 P.2d 1343 (Ct.App.1980).

Although it is undisputed that Watts was not a licensed real estate broker at the time this cause of action arose, he contends that Section 61-29-16 does not apply to him because he acted merely as a "middleman",[3] who is not required to be licensed. We disagree. A "middleman" has been defined as a person who is "employed for the mere purpose of bringing the possible buyer and seller together so that they may negotiate their own contract. The agent has only limited authority. He has no power to and does not negotiate the terms on which the principals will deal." *Barber's Super Markets, Inc. v. Stryker*, 84 N.M. 181, 188, 500 P.2d 1304, 1311 (Ct.App.), *cert. denied*, 84 N.M. 180, 500 P.2d 1303 (1972). Although we remain in accord with this definition, the distinction between a real estate broker or salesperson on the one hand and a "middleman" on the other is significant only in determining the fiduciary relationship between the "middleman" and the seller and buyer. *See id.; Batson v. Strehlow*, 68 Cal.2d 662, 441 P.2d 101, 68 Cal.Rptr. 589 (1968). The question of whether a "middle-

---

1. X-1 Ranch's corporate successor is United Western Minerals, Inc., who is named as one of the appellants in this appeal.

2. Default judgment was entered against Willis, dismissing any claim he may have had for a commission in finding X-1 Ranch to buy the ranch and uranium from the Andrews.

3. For purposes of our disposition of this case, we are not concerned so much with the labelling of Watts' actions (*i.e.*, middleman, finder, originator or introducer) as we are with determining whether his actions required that he be licensed to sue for a real estate fee or commission.

man" must be licensed as a real estate broker or salesperson to recover a real estate commission under our current licensing laws remains an open question in New Mexico.

To answer this question, we must determine whether one who brings two parties together in a real estate transaction without entering into the negotiation process falls within the definition of a broker, as set forth in Section 61–29–2(A), N.M.S.A.1978 (Cum.Supp.1981). This subsection in pertinent part provides:

A. A real estate broker ... is a person ... who for a salary, fee, commission or valuable consideration lists, sells or offers for sale, ... or negotiates the purchase or sale or exchange of real estate.... The term "broker" also includes any person employed by or on behalf of the owner or owners of real estate to conduct the sale, leasing or other disposition thereof at a salary or fee ....

Section 61–29–2(C) provides that any one act of a person in performing any of the above-mentioned activities will constitute that person a real estate broker or salesperson.

In construing Section 61–29–2(A) to determine whether Watts' actions are governed thereby, we must give it a construction which is consistent with the Legislature's intent in defining a "broker", and cannot construe it so as to be repugnant to the context of the Real Estate Brokers Act. *See* § 12–2–2, N.M.S.A.1978. To give the legislative definition of "broker" the construction contended for by Watts would be to exempt from operation of the Real Estate Brokers Act the bulk of real estate transactions conducted by real estate brokers and salespersons. *See Alford v. Raschiatore*, 163 Pa.Super. 635, 63 A.2d 366 (1949). A "broker" is commonly known as one whose business it is to bring a buyer and seller together. *Williams and Co. v. School District of Pittsburgh*, 430 Pa. 509, 244 A.2d 37 (1968), *appeal dismissed*, 393 U.S. 319, 89 S.Ct. 554, 21 L.Ed.2d 514 (1969); *Miller v. Insurance Company of North America*, 211 Tenn. 620, 366 S.W.2d 909 (1963).

We hold that a person who simply brings two parties together in a real estate transaction must be licensed to sue for recovery of a commission. To rule otherwise would be to violate the clear intent of the Legislature in requiring that real estate brokers or salespersons be licensed. By requiring licensure, the Legislature intended that the real estate occupation be regulated. *See* § 61–1–2(C), N.M.S.A.1978 (Repl.Pamp. 1981). The Legislature intends to protect the public by requiring the New Mexico Real Estate Commission to evaluate the competence and moral character of persons in the real estate business through licensing and examination requirements. § 61–29–10, N.M.S.A.1978 (Cum.Supp.1981). The Legislature ensures the furtherance of its purposes by prohibiting unlicensed persons acting as real estate brokers from maintaining an action to recover a commission. *Star Realty Company, supra.* If we were to permit an unlicensed person who brings two parties together in a real estate transaction to recover a commission, we would in effect render the Real Estate Brokers Act meaningless. *See, e.g., Kilbane v. Collins*, 56 Ill.App.3d 707, 14 Ill.Dec. 404, 372 N.E.2d 415 (1978); *Baird v. Krancer*, 138 Misc. 360, 246 N.Y.S. 85 (Sup.Ct.1930).

When the Legislature defined a "broker" as one who "sells or offers for sale", they, no doubt, intended to encompass within its definition one who simply procures a purchaser; the term "sell" being synonymous with procuring a purchaser. *See Schoenfeld v. Silver Moon Springs, Inc.*, 325 F.Supp. 199 (E.D.Wis.1971). In addition, although a middleman does not negotiate the terms of the agreement, for purposes of licensure, the term "negotiate" also includes one who brings two parties together. *See Kilbane v. Dyas*, 33 Ill.App.3d 439, 337 N.E.2d 217 (1975); *Corson v. Keane*, 4 N.J. 221, 72 A.2d 314 (1950).

We agree with the contention of the Realtors Association of New Mexico, Amicus Curiae, that, while there may be reason to distinguish a middleman from a broker in

order to ascertain the duties owed to a buyer or seller, there is no substantial reason to do so in order to ascertain the applicability of the licensing statute. As stated in 12 AM.JUR.2D *Brokers* §§ 1, 4 and 12 (1964):

> They [brokers] act as negotiators *in bringing other persons together to bargain.* [Emphasis added.]
>
> [A] broker is generally engaged in making bargains for others and *in bringing persons to bargain,* thus acting as a *middleman* or intermediate negotiator between the parties. [Emphasis added.] Generally, in the absence of any express definition to the contrary, any person, firm or corporation which bargains and contracts as a *middleman* between other persons for a compensation or commission is deemed a *broker* within the meaning of such statutes. [Emphasis added.]

Therefore, we hold that Watts' actions in procuring the X–1 Ranch as a purchaser of Andrews' ranch and uranium made him a broker within the definition of the Real Estate Brokers Act, and, since he is unlicensed, he is not entitled to sue for a real estate commission.

■ Finally, Watts' contention that the Real Estate Brokers Act would not prevent him from recovering under the first oral agreement is without merit. Although a person who deals solely in mineral interests is exempt from the Real Estate Brokers Act, § 61–29–2(E), N.M.S.A.1978 (Cum. Supp.1981), any contract for the employment of a person to sell hereditaments is void unless there is some memorandum or note signed by the party to be charged evidencing the agreement. § 47–1–45, N.M.S.A.1978. In this case, since neither of the agreements Watts claims under was in writing, they are void.

The trial court is reversed and this cause remanded for entry of judgment in favor of appellants.

IT IS SO ORDERED.

EASLEY, C. J., and PAYNE and RIORDAN, JJ., concur.

FEDERICI, J., respectfully dissenting.